**MODISETTE v. GRIFFIN (HEARTFIELD, Garnishee).**

No. 4612.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Richard H. Switzer, of Shreveport, for appellant.

David B. Samuel, Tucker & Mason, and Herndon & Herndon, all of Shreveport, and Saye, Smead & Saye, of Longview, Tex., for appellee.

MILLS, Judge.

Plaintiff, J. O. Modisette, an attorney at law, by way of attachment and garnishment, brings this suit against Abner G. Griffin, a nonresident, to recover $1,950 unpaid bal-

ance on an account for professional services rendered at Longview, Tex., over a period from February 15 to May 1, 1931.

By making a personal appearance and filing an answer, defendant has converted this action from one in rem to one in personam. In his answer defendant admits the performance of those services covered by items "C" to "Y" in plaintiff's account, but claims that the work was done under an operating agreement whereby Modisette and a man named Cobb were to contribute their services, and defendant his time and money, in the joint adventure of buying and selling oil and gas leases and other property in Longview, Tex.; that, in return for his legal services, plaintiff was to receive one-fourth of the profit, Cobb, a like amount, and defendant, the remainder; that the agreement was terminated in May, 1931, and an accounting had, showing a balance owing plaintiff of $40, which is alleged to be, but actually is not, tendered.

In the lower court there was judgment for plaintiff for $45, interest and costs, maintaining the attachment and ordering the judgment paid out of funds held under the answer of the garnishee. From this judgment plaintiff has appealed.

On the trial, plaintiff offered only his own testimony in support of his allegations. He admits the profit-sharing arrangement substantially as set out in the answer, but claims that it was to be reduced to writing; that, as this was never done, the agreement was of no effect, and he is entitled to recover on a quantum meruit for the value of the services actually rendered by him.

Griffin flatly denies that it was ever contemplated or agreed that the contract should be put in writing. In this he is partially corroborated by Cobb, who says that he was present at many discussions between the parties, but that he never heard anything said about a written contract. He also corroborates Griffin in his testimony that a final accounting was had in May at which all matters were gone over and at which it was agreed that there was a balance of $45 owing to Modisette.

The testimony being irreconcilable, there is nothing to be gained by going into it at greater length. We have reviewed it carefully, and find, as did the district judge, a clear preponderance in favor of defendant.

Plaintiff contends that in any event he should be nonsuited as to a one-fourteenth royalty retained by Griffin in the Josh Claiborne transaction. Though this matter was gone into at length, there is no testimony showing the value of this interest. No reason is advanced why plaintiff did not offer all his evidence at the trial. We therefore fail to see why, this interest being an issue

in the present suit, it was not concluded in this action. The law abhors a multiplicity of suits. There was a long and bitter controversy between plaintiff and Heartfield, the garnishee. It finally ended in a judgment permitting the garnishee to deposit in court the sum of $400, subject to its orders, and be relieved of all liability. As the amount deposited is amply sufficient to satisfy the judgment to be rendered herein, we do not review the garnishee proceeding.

For the reasons assigned, the judgment appealed from is affirmed.