55 So.2d 236

**STATE ex rel. POPE v. BUNKIE COCA COLA BOTTLING CO., Inc.**

No. 40076.

Nov. 5, 1951.

Couvillon & Couvillon, Earl Edwards and Bernard E. Beyt, all of Marksville, for plaintiff-appellant.

Richard L. Crowell, Alexandria, Winston K. Joffrion, Marksville, for appellees.

PONDER, Justice.

Mrs. Ethel Pope, individually and as natural tutrix, brought mandamus proceedings against the Bunkie Coca Cola Bottling Company, Inc., seeking to have 151 shares of stock, standing in the name of George B. Pope, transferred on the books of the corporation to her and her minor children as widow and heirs of George B. Pope, deceased. The respondent corporation opposed the suit on the ground that 150 shares of the stock were the separate property of George B. Pope and are now owned by the minor children and that the remaining one share of stock is the property of Mrs. Clarence J. Pope. Mrs. Clarence J. Pope intervened in the proceedings and opposed the suit on the same grounds. On trial, the lower court gave judgment decreeing 150 shares of the stock to be community property and ordered it transferred, one-half in the name of relatrix and the remaining half to the minors. The lower court decreed the remaining one share of stock to be the property of Mrs. C. J. Pope and ordered it transferred to her. The relatrix appealed from the judgment only insofar as it awarded one share of the stock to the intervenor. The respondent corporation answered the appeal asking for the affirmance of the judgment insofar as it awarded one share of the stock to the intervenor and asked for the reversal of the judgment decreeing the 150 shares of stock to be community property. It asked that the 150 shares of stock be decreed the property of the minor heirs.

Upon examination of the record, we find that this court does not have jurisdiction of the appeal. The relatrix was duly qualified as tutrix of her minor children, issue of her marriage with George B. Pope, deceased, and by judgment of court was recognized and placed in possession, as widow in community, of a one-half undivided interest in the 151 shares of stock and her children were recognized as the owners of the other one-half interest, subject to her right of usufruct, some time prior to the institution of these proceedings. She is seeking by these proceedings to enforce the performance of a plain corporate duty or a ministerial act. The proceedings do not involve the ownership of the stock in question insofar as the corporation is concerned, but are merely brought to enforce the transfer of stock which she and her children have been decreed by the court to have title to. The corporation claims no ownership in the stock and is attempting to champion the cause of others. The corporation has no right to question the

judgment sending the widow and heirs in possession of the stock because they have no interest therein. The only interest the corporation has to safeguard is to make certain that it does not transfer the stock to one who has not been recognized as heir of the decedent by a court of competent jurisdiction. The transfer of shares of stock to heirs or legatees, under judgment of a court of competent jurisdiction recognizing them as such and placing them in possession, is full protection to the corporation. The corporation cannot champion the rights of others and thereby evade their duty to transfer the stock. State ex rel. Smit v. Lafayette Building Association, 147 La. 526, 85 So. 228; In re Liquidation of Reliance Homestead Association, La. App., 181 So. 22. Therefore, it is plain that the value of the stock would be no criterion of the appellate jurisdiction because the ownership of the stock is not at issue insofar as the corporation is concerned.

Under the plain provisions of Article 7, Section 10 of the Constitution, this court is without jurisdiction to entertain the appeal. If the claim of the intervenor could be considered in fixing appellate jurisdiction, the same result would follow because she concedes in her brief on page 8 that she has no interest in contesting the transfer of the 150 shares of stock and restricts her right to claiming one share of stock which the record shows has a value of less than $400.

For the reasons assigned, it is ordered that this appeal be transferred to the Court of Appeal for the Second Circuit, the record to be transmitted there within 30 days; otherwise the appeal will be dismissed at appellant's cost.

HAWTHORNE, J., absent.