HARDY, Judge.
This is a mandamus proceeding in which Mrs. Ethel Milburn Pope, acting for herself individually and as Natural Tutrix of *394 her two minor children, seeks to compel the Bunkie Coca-Cola Bottling Company, Inc. to transfer one hundred fifty-one shares of stock which stands on the books of the corporation in the name of George B. Pope. Relatrix alleges that she and her minor children are the widow and heirs of George B. Pope, deceased, regularly recognized by judgment of the Twelfth Judicial District Court in and for the Parish of Avoyelles, State of Louisiana, in the matter of the Succession of George B. Pope, deceased. The respondent corporation resisted the demands on the ground that one hundred fifty shares of the stock was the separate property of George B. Pope, of which the minor children should he declared the owners. The corporation further set up the ownership of the remaining one share of stock as being vested in Mrs. Clarence J. Pope, mother of the decedent, George B. Pope. To these proceedings Mrs. Clarence J. Pope intervened and adopted the same grounds of opposition as asserted by the respondent corporation. After trial there was judgment decreeing one hundred fifty shares of the stock to belong one-half to the relatrix and one-half to the minors and ordering the same transferred accordingly. There was further judgment decreeing the remaining share of stock to be the property of Mrs. Clarence J. Pope and ordering it transferred to her. From this judgment relatrix appealed only to the extent of the award of the one share of stock to the intervenor. The respondent corporation answered the appeal, seeking the affirmance of that portion of the judgment with respect to the award of one share of stock to Mrs. Clarence J. Pope, but praying the amendment of the remainder of the judgment to the extent of awarding the entire one hundred fifty shares to the minor children.
The appeal was taken to the Plonorable the Supreme Court of the State of Louisiana, which, however, declined jurisdiction and ordered the same transferred to this Court. State ex rel. Pope v. Bunkie Coca Cola Bottling Company, Inc., 219 La. 1035, 55 So.2d 236, 237.
There are, of course, two elemental facts upon which the relief sought by rela-trix must be predicated, and both of which have been established; first, the signing and filing on July 29, 1946 of judgment of the Twelfth Judicial District Court in the matter of the Succession of George B. Pope, deceased, which judgment duly qualified relatrix as tutrix of her minor children, issue of her marriage with George B. Pope, deceased, and further recognized anjd placed her in possession, as widow in community, of a one-half undivided interest in one hundred fifty-one shares of stock and her minor children as the owners of the other one-half interest, subject to the right of usufruct in relatrix; second, the record contains certificate of stock No. 3 for one hundred fifty-one shares in the Bunkie Coca Cola Bottling Company, Inc. in the name of George B. Pope, which certificate was dated the 1st day of April, 1940, and which was tendered to the defendant for transfer. Among other special pleas an exception of no cause or right of action was interposed by relatrix as against the intervention. We think the consideration of the proposition raised by this filing may serve to reduce the issues from what at first blush appears to be a complex question of procedure.
In the first place it is obvious that the action of relatrix raised only one question, namely, her right to the performance of a simple, corporate, ministerial duty on the part of the respondent. The respondent corporation did not deny any of the essential averments of relatrix’ petition, but, on the contrary, admitted them and chose to predicate its refusal to comply with relatrix’ demand on the ground that relatrix was not the owner of the stock in question. In other words, the corporation attempted to raise the issue of ownership of the stock. We think this point was quite adequately covered in the opinion of the Supreme Court on the jurisdictional feature which made the following statement:
“She (relatrix) is seeking by these proceedings to enforce the performance of a plain corporate duty or a *395 ministerial act. The proceedings, do not involve the ownership of the stock in question insofar as the corporation is concerned, but are merely brought to enforce the transfer of stock which she and her children have been decreed by the court to have title to. The corporation claims no ownership in the stock and is attempting to champion the cause of others. The corporation has no right to question the judgment sending the widow and heirs in possession of the stock because they have no interest therein. The only interest the corporation has to safeguard is to make certain that it does not transfer the stock to one who has not been recognized as heir of the decedent by a court of competent jurisdiction. The transfer of shares of stock to heirs or legatees, under judgment of a court of complete jurisdiction recognizing them as such and placing them in possession, is full protection to the corporation. The corporation cannot champion the rights of others and thereby evade their duty to transfer the stock. State ex rel. Smit v. Lafayette Building Association, 147 La. 526, 85 So. 228; In re Liquidation of Reliance Homestead Association, La.App., 181 So. 22.” (Emphasis by the Court)
It may be urged that this pronouncement of the Court was appropriate only to the consideration of the jurisdictional question involved. While this is true to a degree, certainly the soundness of the principles of law as enunciated by the Court cannot be restricted solely to the question of jurisdiction. The effect of the holding of the Court is to assure the protection of the corporation, which is the only relief or right it is authorized to assert. The respondent corporation cannot seek to defeat the obvious right of relatrix to the relief sought, by the injection of extraneous and irrelevant issues which are not concerned with the principle upon which the relief is asked.
We think there is only one further point which it is necessary to consider. Does the lack of right on the part of respondent corporation to assert a defense in which it, has no interest deprive an in-tervenor of the right, in the same action, to make the same assertion of ownership? The principle that an intervenor must take the suit as he finds it is well imbedded in our jurisprudence. In the comparatively recent case of Bonnabel v. Police Jury, 216 La. 798, 44 So.2d 872, 876, the Court restated this principle, upori the basis of a number of cases there cited, in the following language:
“Furthermore, an intervenor must take the suit as he finds it without raising issues between the defendant and the plaintiff which they have not themselves raised and must have recourse to a separate suit if he wishes to inject new issues.”
We think this provision and the salutary principle upon which it rests would be defeated and rendered absolutely nugatory if it could be said that an intervenor can adopt the issues presented between a plaintiff and a defendant even though there was no right upon one or the other of these parties to inject the issue in question.
If we say in the instant case that the intervenor is vested with the right to assert the question of ownership when, as has been pointed out, the respondent corporation itself cannot properly assert such a right, we would be doing violence to the clear provision and restrictive effect of Article 391 of the Code of Practice.
For the reasons assigned the judgment from which appealed is amended and;
It Is Now Ordered, Adjudged and Decreed that the alternative writ of mandamus, as prayed for by relatrix herein, be made peremptory, and accordingly there is judgment in this cause in favor of rela-trix, Mrs. Ethel Milburn Pope, individually and as Natural Tutrix of her minor children, commanding and ordering defendants, Bunkie Coca Cola Bottling Company, Inc. and Amalle Pope, its President, to issue to relatrix individually a certificate for 75½ shares of stock in the Bunkie Coca Cola Bottling Company, Inc. and to her minor children, Leodocia and Myrtle Bennett Pope, a certificate for 75½ shares of stock in the Bunkie Coca Cola Bottling *396 Company, Inc., said certificate to te issued for and in lieu of certificate No. 3 of the stock book of said company now 'held and claimed by relatrix individually and as Natural Tutrix of said minors, and as the widow and heir of George B. Pope, deceased.
It is further ordered that all costs be and they are hereby taxed against defendant, Bunkie Coca Cola Bottling Company, Inc.
As amended the judgment is affirmed.
McINNIS, Judge ad hoc, sitting.
KENNON, J., not participating.