63 So.2d 13

**STATE ex rel. POPE v. BUNKIE COCA COLA BOTTLING CO., Inc. et al.**

No. 40929.

Jan. 12, 1953.

Richard L. Crowell, Alexandria and Winston K. Joffrion, Marksville, for intervenor.

Couvillon & Couvillon, Earl Edwards and Bernard E. Beyt, Marksville, for relatrix.

MOISE, Justice.

We granted writs on the application of Mrs. Myrtle Bennett Pope, widow of Clarence J. Pope, intervening herein in her own right, restricting our review to a consideration of her claim for one share of stock of the Bunkie Coca Cola Bottling Company, which was awarded to her in the district court and which judgment was reversed by the appellate court awarding said share in the proportions of one-half each to the minor children and the widow of George B. Pope, respectively.

The Bunkie Coca Cola Company answered the mandamus proceedings filed by the widow of George B. Pope for the transfer to her of stock amounting to one hundred fifty-one shares, opposing the relatrix' demand on the alleged ground that 150 shares of the stock was the separate property of George B. Pope, and the remaining one belonged to Mrs. Clarence J. Pope.

The appellate court made peremptory relatrix' writ of mandamus and ordered the corporation to transfer the entire one hundred fifty-one shares standing in the name of George Pope, to his widow and children; and amended the judgment of the district court by denying the right of Mrs. Clarence J. Pope to intervene, stating:

"If we say in the instant case that the intervener is vested with the right to assert the question of ownership

when, as has been pointed out, the respondent corporation itself cannot properly assert such a right, we would be doing violence to the clear provision and restrictive effect of Article 391 of the Code of Practice."

For the above statement, the court relied on the decision in Bonnabel v. Police Jury, 216 La. 798, 44 So.2d 872. That case related to immovable property. The present suit relates to movable property. The action in the Bonnabel case was to establish title brought under Act No. 38 of 1908, LSA–R.S. 13:5062. In that case, the intervener's suit was properly dismissed because it was actually creating a new issue which would have been difficult to try on the matter of intervention. Nevertheless, the intervention was dismissed by this Court in the Bonnabel suit as in the case of nonsuit.

In the instant case, the right of intervention is urged because of the clear provisions of the Articles of the Code of Practice. Mrs. Clarence J. Pope is not injecting a new issue, she is asserting her right. She has an interest in the success of the suit— her right is to oppose the demand of the relatrix.

Article 390 of the Code of Practice provides:

"In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties to the suit, or an interest opposed to both."

The language of this article does not restrict but liberalizes the right to intervene. It is clear and free from ambiguity. Intervener has an interest to assert and its correctness or incorrectness does not preclude the right to assert—such right is to be determined by the court. In this instance, a trial on the merits was agreed upon by all litigants and the exception of no right of action was referred to the merits.

It follows that while an intervener is considered as plaintiff, insofar as he must follow the jurisdiction of the defendant, he is, nevertheless a plaintiff in intervention who fights for his own hand; that is, he does not lose his identity in that of the original plaintiff, neither does he lose such identity in that of the original defendants. St. Charles St. R. Co. v. Fidelity & Deposit Co., 109 La. 491, 33 So. 574. Therefore, the Coca Cola Company could not champion the rights of others— in this case, those of Mrs. Clarence Pope and the minor children of George Pope, deceased. State ex rel. Smit v. Lafayette Building Ass'n, 147 La. 526, 85 So. 228; State ex rel. Pope v. Bunkie Coca Cola Bottling Co., Inc., 219 La. 1035, 55 So.2d 236. It was an obligation of the corporation to transfer the one hundred fifty-one (151) shares of stock. The request was presented with the requisite authority as prescribed by the Legislature, that is—a valid judgment of a court of competent jurisdiction placing the parties in possession of the stock. Such transfer on the books of the corporation was a ministerial duty and its

action would be protected by the Uniform Stock Transfer Act, No. 67 of 1922, LSA–R.S. 12:503. But, Mrs. Clarence J. Pope, intervener, was not in the same position. She presented a right of action and it was therefore incumbent upon the court to adjudicate her claim.

■ It is the policy of the law to abhor a multiplicity of suits and actions. Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 150 So. 855; Modisette v. Griffin, La. App., 150 So. 400; Ott v. Grace, La.App., 13 So.2d 138 and authorities therein cited.

The record discloses that Mrs. Myrtle Pope, widow of Clarence Pope, George B. Pope, now deceased, and Irene B. Pope and Arnalle Pope all petitioned the court handling Clarence Pope's succession proceedings, to have "George B. Pope recognized as testamentary heir of said decedent and entitled to take under decedent's will, the 146 shares of the capital stock of the Bunkie Coca Cola Company, Limited, of Bunkie, Bunkie, La., out of the shares standing in the name of the decedent on the books of the company, with the obligation, however, of accounting to decedent's estate the sum of $14,600.00". This 146 shares embraced the 1 share of stock now claimed by intervener.

In the same petition, the widow and heirs of Clarence J. Pope asked that Mrs. Pope, intervener herein, be recognized as legatee and testamentary heir, to take in fee the last residence of the deceased and its contents. They alleged: "Your petitioners

show that the community property left by said decedent: ½ of which is inherited by his heirs as set forth in the next preceding article, but excluding the legacies made to petitioners, Mrs. Myrtle B. Pope and George B. Pope, respectively, but including the amount due by the latter as a collation for the shares of stock bequeathed to him, etc. * * *."

After the payment of $14,600 by George B. Pope for 146 shares of the stock, there was judgment on December 30, 1939 placing the heirs in possession and ordering the stock transferred.

In Ventress v. Brown, 34 La.Ann. 448, it was held:

"An informal and invalid donation *may be confirmed and ratified by the heirs of the donor, and this ratification need not be by express act, but may be shown to result from the general conduct of the heirs.*" (Italics mine.)

"The confirmation, ratification, or voluntary execution of a donation by the heirs or assigns of the donor, after his decease, involves their renunciation to oppose either defects of form or any other exceptions." LSA–C.C. 2274.

In the instant case there was ratification and confirmation of the legacy to the heir, George B. Pope. Years elapsed without any of the heirs interposing an objection. The heirs, including intervener, had been sent and put in possession and have enjoyed such possession since December 30,

1939. Nolan v. Succession of New, 31 La. Ann. 552.

In the light of the foregoing, the intervention of Mrs. Myrtle Bennett Pope, widow of Clarence J. Pope, must be dismissed.

For these reasons, the judgment of the Court of Appeal, Second Circuit, is affirmed.