SAMUEL, Judge.
Petitioner, as administratrix of the Succession of John Murphy, filed this mandamus action to compel defendant, Whitney National Bank of New Orleans, to surrender to her funds in a savings account in the name of the decedent, John Murphy.
The defendant bank filed exceptions of no cause of action and unauthorized use of summary proceedings. It also filed an answer in which it admitted possession of a savings account in the name of John Murphy, showing a balance of $1,655.35. In its answer the defendant also stated it was ready to transfer the funds to the adminis-tratrix immediately upon her surrender of the passbook representing the savings account, in accordance with the terms of a contract alleged to exist between decedent and the bank as part of the bank’s savings account program.
The trial court rendered judgment maintaining defendant’s exceptions of no cause of action and unauthorized use of summary proceedings and dismissing plaintiff’s suit. From that judgment, plaintiff has prosecuted this appeal.
Appellant relies on the provisions of R. S.6:66, which states:
“Upon proper authority and upon obtaining a receipt therefor, any bank may transfer any money or other property in its possession, belonging to a deceased person, to the decedent’s successsion representative, heirs, or the legal representatives of the heirs.
The letters of the succession representative or the judgment recognizing and putting the heirs in possession, issued by a court of competent jurisdiction, and accompanied by letters of tutorship or curatorship of the heirs who are not sui juris, shall constitute proper authority for making the transfer, which when so made and receipted for shall be full protection to the bank.
*608 Conclusive proof to the bank of the letters or judgment and of the jurisdiction of the court rendering them shall result from copies thereof, duly certified when rendered by a court of this state, ...” LSA-R.S. 6:66.
Defendant’s argument on its exception of no cause of action is based upon an alleged contract, not of record herein, which provides in part: “Article IX. In all cases where the whole amount is withdrawn, the pass-book shall be surrendered to the bank.” Defendant argues this contract provides a heritable obligation which is binding on defendant as decedent’s admin-istratrix and which supercedes succession law.
The defendant attached to its exceptions a copy of 'a purported affidavit stating the bank book was the object of a manual donation to plaintiff’s sister by the decedent. It attempts to justify its refusal to surrender the funds as an attempt to protect itself from conflicting claims. In so arguing, it contends the word “may” in the above quoted statute'is permissive language allowing the bank to surrender or not surrender the money in its sole discretion. For the purposes of this opinion and decree, we assume that the defendant’s allegations relative to the contract and its provisions and the affidavit and its provisions are in fact true and correct.
Book VI of the Code of Civil Procedure provides for proceedings in probate matters. Title III of Book VI provides the procedural rules for administration of successions, and Chapter 4 of Title III sets forth the general functions, powers and duties of succession representatives. Section 2 of Chapter 4 specifically provides for “Collection of Succession Property.” Article 3211, contained in Section 2, reads as follows:
A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor.” LSA-C.C.P. Art. 3211.
Comment (b) to Article 3211 makes clear the drafters of the Code deemed unnecessary a specific provision regarding transfer to the succession representative of bank accounts in view of the provisions of R.S. 6:66, quoted above. Thus, under Article 3211 a succession representative has the right to obtain possession of succession assets in accordance with law.
We do not agree with defendant’s interpretation of R.S. 6:66. The word “may” as used in the context of that statute is not permissive to the extent of giving the bank the sole discretion as to whether it should or should not transfer funds to a properly authorized succession representative upon receiving due receipt. On the contrary, the statute specifically relieves the bank of any liability whatever upon surrendering the bank held money or property to such a representative upon obtaining due receipt. It is in this connection that the verb “may” is used, i. e., the bank may make the transfer as indicated without incurring liability therefor.
Defendant contends plaintiff should first sue her sister to obtain the deposit book before attempting to obtain possession of the funds. However, should a bank be given the right to tell a succession representative how to proceed in order to gather succession assets, our probate law, both testate and intestate, would be placed in a state of chaos. In the present case, for example, the bank could delay the orderly handling of the succession by pointing to one person after another as potential possessors of the bank deposit book and by requiring the succession representative to sue a possibly endless number of such persons before the bank would be required to surrender the funds.
The heirs are protected in the matter by the bond furnished by the succession *609 representative, or by such bond as the court may require. The bank is protected in the matter by the provisions of R.S. 6:66. Under the circumstances, the defendant is unjustified in refusing to surrender the sum in the decedent’s bank account upon plaintiff’s complying with R.S. 6:66.
There may be some doubt that plaintiff has a right to a writ of mandamus because Article 3861 of the Code of Civil Procedure limits the function of such a writ to compelling the duties set forth in Articles 3863 and 3864 of that code. However, Article 3864 allows the writ to be used to compel a corporation or its officer to perform a duty prescribed by law. This provision was not contained in the source of the article, Article 835 of the old Code of Practice. Mandamus has been used to compel a corporation to transfer stock.[1] Other corporate duties required by statute, but not by charter or by law, are enforceable by mandamus.[2] In view of Article 3862, which provides for issuance of a writ where a delay involved in obtaining ordinary relief may cause injustice, and in view of the provisions of R.S. 6:66, it would seem appropriate that mandamus would lie against the defendant to surrender the funds in its possession. We so hold.
For the reasons assigned, the judgment maintaining the exceptions of no cause of action and unauthorized use of summary proceedings is reversed, those exceptions are now overruled, and this case is remanded to the trial court for further proceedings in accordance with law and with the views expressed in this opinion.

Reversed and remanded.

. State v. Bunkie Coca Cola Bottling Co., 222 La. 603, 63 So.2d 13.

. Tichenor v. Dr. G. H. Tichenor Go., Limited, La.App., 161 So. 198.