711 So.2d 293 (1997)
David RISINGER, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE, et al., Defendant-Appellee.
Donna HUNT, Plaintiff-Appellant,
v.
Tom Ben WELLS, et al., Defendant-Appellee.
Nos. 29023-CA, 29024-CA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
*294 Leroy H. Scott, Jr., Shreveport, for Plaintiffs-Appellants David Risinger and Donna Hunt.
Davis, Saunders, Arata & Rome by James T. Davis, for Plaintiff-Appellant Donna Hunt.
Casten & Pearce by Marshall R. Pearce, Shreveport, for Defendants-Appellees.
Before MARVIN, C.J., and HIGHTOWER, WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiffs, David Risinger and Donna R. Hunt, appeal a grant of summary judgment in favor of the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). For the following reasons, we affirm.

FACTS
On April 3, 1993, plaintiffs' daughter was killed in Panola County, Texas, while riding in the back of a pickup truck driven by Benjamin Caleb Wells and owned by Tom Ben Wells. At the time of the accident, a policy of automobile insurance issued by the defendant, State Farm, to Tom Wells was in full force and effect. The policy provided liability limits of $20,000 per person and $40,000 per accident.
The parties did not reach a settlement agreement and plaintiffs filed separate lawsuits in March 1994.[1] Plaintiffs' petitions included claims for damages alleging that State Farm had violated LSA-R.S. 22:1220 in its treatment of their claims.[2]
Approximately two months after the plaintiffs filed suit, State Farm deposited the amount of its policy limits plus interest and court costs into the registry of the court. Shortly thereafter, the trial court granted plaintiffs' motion to withdraw and disburse the funds and allowed plaintiffs to reserve all other claims. Subsequently, State Farm moved for summary judgment on the issue of whether it had failed to meet the requirements of LSA-R.S. 22:1220. After a hearing, the trial judge granted summary judgment in favor of State Farm. Plaintiffs unsuccessfully filed a motion for new trial limited to reargument. Plaintiffs appeal.

DISCUSSION
Plaintiffs contend the trial court erred in finding that the insurer was entitled to summary judgment as a matter of law. They argue that genuine issues of material fact exist which would preclude summary judgment.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. The judgment shall be rendered *295 forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; NAB v. Willamette Industries, Inc., 28,555 (La. App.2d Cir. 8/21/96), 679 So.2d 477 at 479. Summary judgments are subject to de novo review on appeal. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Thus, the appellate court, as did the trial court, must ask whether there are any genuine issues of material fact and whether the mover is entitled to summary judgment as a matter of law. Smith, supra.
The burden of establishing the absence of a genuine issue of material fact is on the mover. NAB v. Willamette Industries, supra. Once the moving party has shown that there are no genuine issues of material facts, the burden shifts to the nonmoving party to present evidence demonstrating that factual issues remain. Smith, supra. An adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing a genuine issue of material fact. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. Art. 967; NAB, supra. Summary judgment is appropriate when all the relevant facts are before the court and are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Communication and Information Resources, Inc. v. Expressions Acquisition Corporation, 95-1070 (La.App. 5th Cir. 5/15/96), 675 So.2d 1164. Summary judgment is favored under Louisiana Code of Civil Procedure article 966(A)(2). Orillion v. Allstate Ins. Co., 96-1131 (La.App. 1st Cir. 2/14/97), 690 So.2d 846.
In the present case, State Farm submitted the deposition of its claims adjuster, Arnold Owen, Jr. in support of its motion for summary judgment. Owen testified that he completed the investigation within a month of the accident and he received authority to settle the case approximately three months after the accident. According to Owen, he made his first settlement offer to the father in early July, and later discussed the settlement offer "numerous times." The offer was conditioned upon the receipt of a release of the insured, signed by both the father and the mother. Since the plaintiffs were divorced, the settlement offer specifically provided for a payment of $10,000 to each plaintiff.[3] The plaintiffs had informed Owen at the beginning of the settlement negotiations that a release of State Farm's insured was unacceptable. After several months of leaving the oral offer on the table, Owen submitted a written offer to settle, outlining the previous settlement proposal. The written offer was made in April 1994, approximately one year after the accident. Plaintiffs did not accept the offer and State Farm deposited the $20,000 policy limits plus interest and court costs into the court's registry.
LSA-R.S. 22:1220 A and B provide in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of the insured.

*296 (4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after the receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
In Theriot v. Midland Risk Insurance Company, 95-2895 (La.11/14/96), 683 So.2d 681, withdrawn, rehearing granted, (La. 12/13/96), the Louisiana Supreme Court held that Section 1220 A applies to third party claimants as well as insureds and to all claims, not just claims for property damage and medical expenses. The court further held that claimants were not limited to a cause of action for only those acts enumerated in subsection B. However, on rehearing, the court reversed the latter holding and concluded that a party suing an insurer under the statute would only have a cause of action for the acts enumerated in LSA-R.S. 22:1220 B. Theriot v. Midland Risk Insurance Company, 95-2895 (La.11/14/96), 683 So.2d 681, withdrawn, rehearing granted (La.12/13/96), reversed in part on rehearing, 95-2895 (La.5/20/97), 694 So.2d 184.
A review of the record before us discloses that there was no factual basis for concluding that State Farm committed any of the specific acts enumerated in LSA-R.S. 22:1220 B. Plaintiffs did not present any opposing affidavits or other competent evidence to show that there was a material factual issue in dispute in regard to State Farm's handling of the claims. Consequently, State Farm was entitled to summary judgment as a matter of law.
Plaintiffs also assert that State Farm's actions in refusing to settle without a release of its insured violated LSA-R.S. 22:658 A(1). Although plaintiffs argued this statute in the trial court during the hearing on the motion for a new trial to illustrate the meaning of the word "prompt" as found in Section 1220, they never amended their petition to allege a violation of this statute. Nor did they argue in the trial court that State Farm had violated this statute. Because plaintiffs never submitted the issue of an alleged violation of LSA-R.S. 22:658 A(1) to the trial court, we cannot consider this argument on appeal. URCA Rule 1-3; Smith v. Booths, 28,065 (La.App.2d Cir. 2/28/96), 669 So.2d 682.

CONCLUSION
The summary judgment in favor of the defendant, State Farm, is affirmed. Costs of this appeal are assessed against the plaintiffs, David Risinger and Donna R. Hunt.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
The Theriot decision also carefully explains that, absent an express and unambiguous legislative mandate, insurers face no broad duty to attempt settlement with third parties. On the contrary,
the duties owed by an insurer to its insured... are fiduciary in nature and include the duty ... to defend the insured against covered claims and to consider the interest of the insured as paramount in every settlement. [Citation omitted.] [A]n insurer's duties run primarily in favor of its insured as an outgrowth of duties that have their foundation in the contract between the parties. It is the relationship of the parties that gives rise to the implied covenant of good faith and fair dealing. The relationship between the insurer and third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. [Emphasis added.]
Theriot, 95-2895, 15 (La. 05/20/97), 694 So.2d 184, 192.
The insurer in the present case, by conditioning its settlement offer upon a release of its insured, obviously sought to protect that party to whom its primary duties extended.
I strongly concur in the affirmance.
NOTES
[1] Plaintiffs are divorced and used separate attorneys at the trial court level. Appeal counsel now represents both plaintiffs.
[2] See LSA-R.S. 22:1220 A infra. The mother filed a supplemental petition asserting her R.S. 22:1220 claim.
[3] The mother was initially represented by other counsel.