750 So.2d 427 (2000)
BUILDERS SUPPLY OF RUSTON, INC., Plaintiff-Appellee,
v.
Mr. And Mrs. Alfred QUALLS, Jr., Defendants-Appellants.
No. 32,630-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2000.
*429 Bobby L. Culpepper & Associates By Bobby L. Culpepper, Teresa C. Carroll, Jonesboro, Counsel for Appellants.
Charles K. Middleton, Ruston, Counsel for Appellee.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
KOSTELKA, J.
Mr. and Mrs. Alfred Qualls, Jr. ("Qualls") appeal the judgment rendered against them in this suit on open account by Builders Supply of Ruston, Inc. ("Builders"), the supplier of materials to the Qualls' property for the construction of a home. Finding error in the trial court denial of exceptions of prescription and no cause of action, we reverse the trial court judgment.

FACTS
On March 8, 1993, Qualls entered into a Construction Agreement with James H. Smith ("Smith") for the construction of a home.[1] In furtherance of this contract, Smith opened an account with Builders for the purchase of building materials and supplies. Purchases made from March 8, 1993 to July 19, 1993 were reflected by invoices totaling $9,019.79. The invoices were in the name J.S. Enterprises, c/o James H. Smith. Many, but not all, of the invoices also refer to the Qualls job, c/o James H. Smith. On those invoices, both the addresses of J.S. Enterprises and the Qualls' residence appear. The president/owner of Builders, William D. Hogan ("Hogan"), testified that Qualls did not contract directly, either in writing or verbally, with his company.
After unsuccessful attempts to collect the money from Smith, Builders secured counsel to collect the amounts directly from Qualls. Builders attempted, through counsel, to deliver, via certified mail, a notice letter to Qualls dated August 5, 1993; the correspondence was returned after three attempted deliveries. The letter also advised Qualls of Builders' intent to file a lien against their property. Builders filed the lien on August 23, 1993.[2]
Thereafter, Builders hired another attorney to attempt collection of the debt. Another demand letter, sent via certified mail, was dated March 29, 1996, and returned unclaimed after two delivery attempts. Builders then engaged the services of a private server to hand deliver the demand letter; that letter was returned with a notation that Qualls refused to sign.
Builders filed the present Petition on Open Account on July 19, 1996 seeking to collect the unpaid balance and for an acknowledgment of its privilege on Qualls' immovable property through the previously filed materialman's lien.
*430 On September 5, 1996, Qualls filed an exception of no right of action based upon the lack of a contractual agreement between Qualls and Builders. The trial court overruled that exception on December 20, 1996.
On July 7, 1997, Qualls filed an exception of prescription and no cause of action alleging that though Builders had timely filed a lien, any rights secured thereby had been extinguished by the failure to file suit within one year after the expiration of the time given for preservation of the privilege in accordance with the provisions of La. R.S. 9:4823. Moreover, Qualls again argued that Builders had no cause of action against them under the open accounts law because they had not contracted with Builders. The trial court overruled these exceptions.
After trial on the issues, the court rendered judgment in favor of Builders on June 5, 1998, and Qualls appealed.[3]

DISCUSSION
The record shows that although Builders filed a materialman's lien on August, 23, 1993, suit for acknowledgment of that lien against Qualls did not occur until July 19, 1996.
La. R.S. 9:4823 addresses the extinguishment of claims and privileges, and provides in pertinent part:
A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if:
(1) The claimant or holder of the privilege does not preserve it as required by R.S. 9:4822; or
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it; or
(3) The obligation which it secures is extinguished.
. . . .
The provisions of La. R.S. 9:4823(A)(2) provide that the failure to file a suit to enforce a lien within a one-year period after the expiration of the time given for the filing of the lien, extinguishes the claim or privilege. See La. R.S. 9:4823, Comment (a); Lagniappe Construction Co. v. Montecino, 525 So.2d 693 (La.App. 1st Cir.1988). Builders concedes in brief that the suit against Qualls was not timely filed. Accordingly, at the time of suit, Builders' rights against Qualls had been extinguished. The trial court erred in acknowledging the existence of the lien or any right to enforce it. Under these facts, Qualls' exception of prescription should have been granted.
Nevertheless, Builders argues that it has a cause of action against Qualls under the open accounts provisions of La. R.S. 9:2781, which is subject to three years liberative prescription.[4] Specifically, Builders contends that its rights arise as the result of an agency relationship that existed between Qualls and Smith, and, in the alternative, they argue the principle of unjust enrichment.[5]
*431 The legal remedy of enrichment without cause is not available if the law provides another remedy for the impoverishment. La. C.C. art. 2298; Kilpatrick v. Kilpatrick, 27,241 (La.App.2d Cir.08/23/95), 660 So.2d 182, writ denied, 95-2579 (La.12/15/95), 664 So.2d 444; Mouton v. State, 525 So.2d 1136 (La.App. 1st Cir.1988), writ denied, 526 So.2d 1112 (La.1988). Because Builders failed to avail itself of the rights granted to it under La. R.S. 9:4823, it has no unjust enrichment claim.
We are also compelled to reject Builders' argument relating to the existence of any agency relationship between Qualls and Smith. Obviously recognizing the lack of evidence to show that Qualls expressly granted Smith authority regarding how and where to purchase materials, Builders specifically seeks application of the doctrine of apparent authority to these facts in an effort to bind Qualls for payment of the debt.
An agency relationship may be created by express appointment of a mandatary under La. C.C. art. 2985 or by implied appointment arising from apparent authority in order to protect third parties. Oliver v. Central Bank, 26,932 (La.App.2d Cir.05/10/95), 658 So.2d 1316, writ denied, 95-1469 (La.09/22/95), 660 So.2d 477. Apparent authority is a jurisprudentially created concept of estoppel which operates in favor of a third person and binds the principal for the unauthorized acts of an apparent agent. To trigger the concept of apparent authority, the third party must prove that the principal gave the third party reason to believe that the agent had authority to act on the principal's behalf with respect to the particular action taken and that the third party reasonably relied upon the manifested authority of the agent. Casten v. Cordell, 26,487 (La. App.2d Cir.01/25/95), 649 So.2d 123, citing Boulos v. Morrison, 503 So.2d 1 (La.1987). Implied or apparent agency exists if the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal. Barrilleaux v. Franklin Foundation Hospital, 96-0343 (La.App. 1st Cir.11/08/96), 683 So.2d 348, writ denied, 96-2885 (La.01/24/97), 686 So.2d 864.
In this case, the building contract between Smith and Qualls nowhere mentions the issue of a material provider. Accordingly, Qualls exercised no control over Smith's choice of a supplier. In accordance with that agreement, it was Smith who contracted with Builders for the supplies. The invoices were sent directly to Smith.
Hogan testified to a clear understanding that there was no written or verbal contract between his company and Qualls. Moreover, Hogan was familiar with the building contract and its terms because a copy of it had been given to him by Smith and he placed it in the project file. The filing of a lien against Qualls is consistent with the realization of the rights available to Builders, i.e., rights granted under the Private Works Act rather than the open accounts law.
Under these circumstances, neither the mere placement of Qualls' name and the construction address on some invoices nor Qualls' knowledge regarding the identity of the material supplier is adequate to obligate Qualls under the theory of apparent authority. Builders has failed to show that Qualls gave the company any reason to believe that, with respect to the purchase of building materials, Smith had any authority to bind them. Accordingly, the trial court erred in failing to grant Qualls' exception of no right of action.

CONCLUSION
Because Builders failed to file suit timely against Qualls within one year after the expiration of the time given for the filing of the lien, any claims and privileges arising *432 from that lien have been extinguished by the provisions of La. R.S. 9:4823. Moreover, because the evidence fails to show that there existed privity of contract between Builders and Qualls, that an agency relationship existed between Smith and Qualls, or demonstrate a claim for unjust enrichment, Builders has no cause of action in open account against Qualls under La. R.S. 9:2781.
Considering the foregoing, we grant Qualls' exceptions of prescription and no cause of action and reverse the judgment of the trial court in favor of Builders at Builders' costs.[6]
EXCEPTIONS OF PRESCRIPTION AND NO CAUSE OF ACTIONS GRANTED; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] The record is unclear as to whether either a notice of contract or bond were filed.
[2] Builders secured a judgment against Smith in Ruston City Court on October 21, 1993.
[3] Qualls has preserved the issues of prescription and no cause of action by way of supplemental brief.
[4] Clearly, Qualls did not have privity of contract with Builders. Domengeaux's Lumber Depot, Inc. v. Speyrer, 498 So.2d 1091 (La. App. 3d Cir.1986). Smith selected and contracted with Builders to be the supplier of materials for the Qualls project. Moreover, the president of Builders testified that Qualls never entered into either a written or verbal contract with his company. Where there is no contractual relationship between the parties, there can be no recovery on an open account basis. F. Christiana & Co., Inc. v. Matt's Grocery, Inc., No. 2, 95-2073 (La.App. 4th Cir.05/08/96), 674 So.2d 419.
[5] Although Qualls filed two exceptions of no right and no cause of action, based upon the inapplicability of the open accounts law, Builders raises issues of unjust enrichment and agency for the first time on appeal. Under these circumstances, it is precluded from doing so. Risinger v. State Farm Mutual Automobile Ins., Co., 29,023 (La.App.2d Cir.06/18/97), 711 So.2d 293.
[6] In light of our findings, it is unnecessary that we address Qualls' remaining claims.