837 So.2d 1 (2002)
KEN LAWLER BUILDERS, INC., Plaintiff-Appellee,
v.
Cynthia M. DELANEY and Sandra Richardson Kittler, Defendants.
No. 36,263-CA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
Rehearing Denied September 12, 2002.
*3 English & Associates By Larry English, Shreveport, Calvin B. Lester Jr., for Appellant-Intervenor, Access.1 Communications Shreveport, LLC.
Rogers & Hearne, By W. Lake Hearne, Shreveport, for Appellee.
English & Associates, By Larry English, Shreveport, for Defendants.
Before NORRIS, STEWART and KOSTELKA, JJ.
KOSTELKA, J.
From the summary judgment granted in favor of Ken Lawler Builders, Inc. ("Lawler") against Cynthia Delaney ("Delaney") and Sandra Richardson Kittler ("Kittler"), Access.1 Communications Shreveport, LLC ("Access.1"), Intervenor, appeals. We amend the judgment, and, as amended, affirm.

FACTS
On June 10, 1998, Lawler and Delaney Broadcasting, Inc. ("DBI"), through its representative, Delaney, entered into an immovable property lease agreement in which DBI agreed to pay Lawler $350 per month for an initial ten-year term[1] ("Lawler-DBI lease"). DBI operated a radio business and was leasing the land to erect a radio tower. The lease provisions allowed DBI to assign the lease at any time along with any transfer of ownership of the tower.
DBI subsequently sold its interest in the radio station to Ninety-Five Point Seven, Inc., which in turn sold the radio station to Access.1 on September 6, 2000. The sale and assignment of assets, sold, assigned, transferred and delivered to Access.1 all right, title and interest in the Lawler-DBI lease.
Previously, on July 5, 2000, Lawler sold the immovable property subject to the lease to Mary Elizabeth Hutches ("Hutches"). Although the sale conveyed the property "subject to" the Lawler-DBI lease, Lawler "retain[ed] all rights to rentals due under said lease, including any renewals or extensions thereof." The deed also provided that the covenants contained therein "shall bind ... successors and assigns of the parties hereto...." The sale was recorded in the Caddo Parish public records on July 7, 2000. By undated cash sale deed, Hutches sold the immovable property to Access.1.[2] The cash sale deed mentioned neither the lease nor the reservation of rights by Lawler.
On April 18, 2001, Lawler instituted suit, pursuant to the Lawler-DBI lease, against *4 Delaney and Kittler for unpaid lease payments from November, 2000 forward. The petition alleged that the named defendants dissolved DBI on December 6, 1999, and, as its shareholders, Delaney and Kittler were liable under the lease.
On April 25, 2001, Access.1 tendered $1,400 to Lawler representing rent payments from November, 2000 to February, 2001, which it refused.[3]
On May 21, 2001, Delany and Kittler filed exceptions of no cause of action, failure to join an indispensable party and a motion for summary judgment which the trial court denied on June 25, 2001.
Lawler sought a summary judgment on September 7, 2001. On September 28, 2001, Access.1 filed a Petition for Intervention into the suit which the trial court granted on October 2, 2001. Thereafter, Access.1 filed a pleading entitled Answer to Motion for Summary Judgment and Defendants Exceptions of Reconventional Demand for Summary Judgment. Therein, Access.1 opposed Lawler's summary judgment, pled exceptions of no cause and no right of action and sought a summary judgment in favor of Access.1. Delaney and Kittler also opposed Lawler's motion for summary judgment. Both Lawler's and Access.1's motions for summary judgment and Access.1's exceptions were submitted on briefs without oral argument.
The trial court granted summary judgment on October 31, 2001, in favor of Lawler and against Delaney and Kittler, in the amount of $36,750. This appeal by Access.1 of the October 31, 2001 judgment ensued.

DISCUSSION
On appeal, Access.1 specifies four errors. Notably, however, the issues raised in the first two assignments of error, i.e., that the trial court erred in denying Delaney's and Kittler's exception of no cause of action and failure to join an indispensable party,[4] were disposed of by the trial court in the June 25, 2001 judgment which has not been appealed. Accordingly, these issues are the subject of a final judgment which we are precluded from addressing on appeal. La. C.C.P. art.2082. Specifically, these issues include Access.1's claims that the lease was extinguished by confusion and that Lawler had no right to collect rentals under the reservation clause.
Access.1 has raised two issues on appeal in support of its no cause of action claim that were not presented to the trial court by Delaney and Kittler. Access.1 claims Lawler failed to allege facts sufficient to establish the personal liability of Delaney and Kittler[5] and that Lawler has no cause of action against Delaney and Kittler due to the eventual assignment of the lease to Access.1.[6]
*5 We find, however, that these issues are not properly before us for review. While it is proper for an appellate court to consider a peremptory exception presented for the first time on appeal, it is necessary that the exception be "pleaded prior to a submission of the case for a decision...." (Emphasis added). La. C.C.P. art. 2163. In this case, the arguments are raised in brief and not by pleading. Briefs are merely written arguments and are not part of the pleadings on appeal. City of New Orleans v. Di Benedetto, 144 So.2d 558 (La.App. 1st Cir.1962). Further, as Intevenor, Access.1 is required to take the proceedings as it finds them and cannot urge matters which enlarge the issues or raise issues between defendant and plaintiff which they have not themselves raised. Rubion Transfer & Storage Co. v. Louisiana Public Service Commission, 240 La. 440, 123 So.2d 880 (1960); State ex rel. Pope v. Bunkie Coca Cola Bottling Co., 59 So.2d 393 (La.App. 2d Cir.1952), judgment affirmed, 222 La. 603, 63 So.2d 13 (1953); State ex rel. Temple v. Vernon Parish School Bd., 178 So. 176 (La.App. 1st Cir. 1938). Because Delaney and Kittler failed to raise these arguments in their own behalf, Access.1 is precluded from doing so.

Lawler's Summary Judgment
In its next assignment of error, Access.1 urges that the trial court erred in granting Lawler's summary judgment.
Appellate courts review summary judgments de novo under the same criteria which govern the district courts' consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342 (La.1991); Steier v. Heller, 31,733 (La. App.2d Cir.05/05/99), 732 So.2d 787. The law governing the summary judgment procedure is set forth in La. C.C.P. art. 966. As amended in 1996, Article 966 provides that the summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966(A)(2); Steier, supra; Traweek v. Jackson, 30,248 (La.App.2d Cir.02/25/98), 709 So.2d 867. The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
La. C.C.P. art. 967 provides that the opposing party cannot rest on the mere allegations or denials of his pleadings but must present evidence which will establish that material facts are at issue. Id. Ultimately, however, the burden of proof remains with the mover who must meet the initial burden of making a prima facie showing of entitlement to summary judgment. See, Mark Tatum and Judge William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131, 141 (1998).
In the case sub judice, neither Delaney, Kittler nor Access.1 submitted any documentation in opposition to Lawler's summary judgment motion nor presented any argument in attached memoranda. Nevertheless, on appeal, Access.1 makes two arguments in support of its claim that the trial court erroneously granted Lawler's summary judgment. Notably, however, Access.1's argument that Lawler possessed no right of action to sue under the lease because the reservation of rights terminated upon its transfer of the property was not presented to the trial court in opposition to the summary judgment. On those grounds alone, Access.1 would be precluded from first raising it on appeal. URCA Rule 1-3; Builders Supply of Ruston, Inc. v. Qualls, *6 32,630 (La.App.2d Cir.01/26/00), 750 So.2d 427; Risinger v. State Farm Mut. Auto. Ins. Co., 29,023 (La.App.2d Cir.06/18/97), 711 So.2d 293. Additionally, it is clear that this issue was first raised by Delaney and Kittler and rejected by the trial court in the June 25, 2001 judgment which has not been appealed. Although the issue was raised by an exception of no cause of action, it is the substance rather than the caption of a pleading that determines its effect. Brown v. Harrel, 98-2931 (La. App. 4th Cir.08/23/00), 774 So.2d 225, writ denied, 2000-2665 (La.11/17/00), 774 So.2d 981. As discussed above, Access.1 is precluded from reurging it now.[7]
The remaining argument raised by Access.1 in support of its claim that the trial court erroneously granted Lawler's summary judgment is more accurately a claim contesting the amount of the judgment. While this claim is appropriately before us for review, we will reserve discussion of it until after our resolution of the propriety of the summary judgment.
Even without opposing argument and documentation being submitted by Access.1 or Delaney and Kittler, it is nevertheless necessary that we evaluate the propriety of Lawler's summary judgment. La. C.C. art. 967. After de novo review of the case, we agree with the trial court's determination that summary judgment in favor of Lawler is appropriate. Of course, with issues regarding Lawler's right and cause of action resolved, the remaining inquiry on summary judgment is simply whether any genuine issues of material fact remain as to Lawler's right to collect rentals under the lease.
In support of summary judgment, Lawler submitted certified copies of the Lawler-DBI lease, the deed which transferred the property from Lawler to Hutches and the affidavit of Kenneth Lawler, the President of Lawler. In his affidavit, Kenneth Lawler stated that Lawler entered into the lease with DBI for an initial term of ten years, beginning September 1, 1998, for the sum of $350 per month. The affidavit also indicated that the lease was recorded in the public records of Caddo Parish, Louisiana. The certified copy of the Lawler-DBI lease submitted in support of the summary judgment confirms these statements.
Kenneth Lawler further declared that although Lawler sold the property to Hutches, the sale reserved all rights to rents under the lease to Lawler; the deed was filed in the public records of Caddo Parish, Louisiana. The certified copy of this deed, submitted in support of the summary judgment, also affirms these statements.
Finally, the affidavit of Kenneth Lawler disclosed that "[a]t no time did plaintiff release or otherwise excuse Delaney Broadcasting, Inc., its successors and assigns from any performance of the lessee's obligations under the lease, and rent has not been paid when due...."
We find that the documentation submitted by Lawler in support of the motion for summary judgment as well as the pleadings *7 which form a part of the record before us are adequate to establish Delaney's and Kittler's liability under the lease for accrued rental payments. Of course, Kenneth Lawler's affidavit, which sets forth the terms of the agreement between Lawler and DBI, as well as the copy of the June 10, 1998 lease contained in the record, is sufficient to prove the agreement between Lawler and DBI. Additionally, without any contrary factual proof, the affidavit of Kenneth Lawler established the fact that DBI was not released from the lease despite its assignment to other parties. Finally, with no argument or documentation by Access.1 or Delaney and Kittler otherwise disputing Lawler's allegations that despite amicable demand, payment was not made under the lease from November, 2000 forward, we find that Lawler has established a breach of the lease for nonpayment. Such proof is sufficient to eliminate any genuine issue of material fact regarding Delaney's and Kittler's liability under the lease. Accordingly, the summary judgment in Lawler's favor was appropriately granted.

Judgment Amount
Access.1 argues that the trial court erred in applying doctrine of anticipatory breach to assess Delaney and Kittler with both past accrued and future accelerated rental payments. We agree. The judgment shows that the trial court awarded a sum ($36,750), apparently representing all accrued and unpaid rent remaining during the initial ten-year term of the lease.
Louisiana law affords two remedies to a lessor if a lessee fails to pay rent as it comes due. The lessor may hold the lessee liable for the rent due for the expired term of the lease and sue to dissolve the lease and evict the lessee. In the alternative, the lessor may sue to enforce the lease and to recover both accrued rentals and future accelerated rentals if the lease contains an acceleration clause. These remedies are mutually exclusive. Richard v. Broussard, 495 So.2d 1291 (La. 1986); Huckabay v. Red River Waterway Com'n, 27,113 (La.App.2d Cir.10/12/95), 663 So.2d 414, writ denied, 95-3007 (La.03/08/96), 669 So.2d 403; Shreveport Plaza Associates Ltd. Partnership v. L.R. Resources II, 557 So.2d 1067 (La.App. 2d Cir.1990). If the latter remedy is elected, the lessor's obligation to maintain the lessee in peaceable possession of the premises continues. Shreveport Plaza Associates Ltd. Partnership, supra.
In this case, Lawler sued to enforce the lease. Additionally, Lawler's petition alleged that DBI and its legal successors "repudiated" the lease terms. In support of its motion for summary judgment, Lawler argued that the repudiation of the lease gave rise to a cause of action for anticipatory breach. In awarding future rental payments due under the original term of the lease, the trial court obviously agreed.
The doctrine of anticipatory breach applies when an obligor announces he will not perform an obligation which is due sometime in the future. Gulf Coast Bank & Trust Co. v. Rick Granger Enterprises, XXXX-XXXX (La.App. 3d Cir.10/31/01), 800 So.2d 402, and cases cited therein. Accordingly, in order for the doctrine of anticipatory breach to apply, evidence must be presented to show an express repudiation of the lease. In this case, despite Lawler's allegations that a repudiation of the lease occurred, it has presented no proof or evidence to show that Delaney and Kittler, the only defendants, did anything more than passively breach the contract. Indeed, Kenneth Lawler's affidavit states only that "the rent has not been paid for the month of November, 2000 and subsequent months." *8 This evidence is insufficient to support the remedy of acceleration of the rental payments under the doctrine of anticipatory breach of contract. In applying this doctrine and awarding accelerated rental payments, the trial court erred.
The record before us shows that the Lawler-DBI lease contains no acceleration clause. Accordingly, in a suit to enforce the lease such as this one, Lawler is limited to the rentals which had accrued at the time of judgment. Richard, supra. Because Lawler sought rental payments from November, 2000 and the judgment was rendered on October 31, 2001, we amend the judgment to award the sum of $4,200 to Lawler, representing twelve payments of $350.

Remaining Issues
In its final argument, Access.1 contends that the trial court erred in denying its motion for summary judgment and exceptions of no right and cause of action.[8] In Access.1's pleadings, which sought both the summary judgment and exception of no cause of action, it urged that Lawler's petition "fails to state a cause of action against Access.1" and that a summary judgment should be granted "dismissing the claims of the plaintiff against Access.1...." (Emphasis added). These statements were the sum of Access.1's claims and it provided no memorandum in support of its arguments. Because Lawler never filed any action against Access.1, we find no error in the trial court's rejection of these claims.
In its opposition to Lawler's summary judgment, Access.1 additionally alleged that Lawler had "no right of action" against the defendants because it had "no interest in the thing leased, nor the lease itself, ..." We read that pleading as asserting an exception of no right of action on behalf of Delaney and Kittler, which the trial court implicitly denied in the summary judgment. VaSalle v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/28/01), 801 So.2d 331. On appeal, Access.1 specifically reurges the claim that upon the transfer of the property, Lawler's reservation of rentals terminated, thereby eliminating its right of action under the lease. As discussed above, this point of argument was previously rejected by the trial court in the June 25, 2001 judgment. Accordingly, the trial court did not err in rejecting a claim previously decided by it.

CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to award Lawler the sum of $4,200, together with legal interest as provided by law. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally to Access.1 and Lawler.
JUDGMENT AMENDED, AND, AS AMENDED, AFFIRMED.
NORRIS, C.J., concurs in the result.
APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, STEWART, GASKINS and KOSTELKA, JJ.
Rehearing denied.
NOTES
[1] The lease also included three other ten-year renewal options.
[2] The record contains no evidence that the sale was recorded in the public records.
[3] This amount was offered because Access.1 claimed that upon the date it received ownership of the property, March 12, 2001, the lease terminated and Lawler lost its right to receive rental payments.
[4] Of course, this claim was also mooted by Access.1's intervention into the suit.
[5] Lawler's petition, which clearly alleges that Delaney and Kittler were "all of [DBI]'s shareholders," and submitted documentation showing the dissolution of DBI on December 6, 1999, state a cause of action against Delaney and Kittler, individually, under La. R.S. 12:142.1(A).
[6] Additionally, Lawler's pleadings, which specifically allege that it had not released DBI from its obligation under the lease, are sufficient to state a cause of action notwithstanding an assignment of the lease. The original lessee remains obligated thereunder unless clearly and unequivocally discharged by the lessor. La. C.C. art. 1880; Grundmann v. Trocchiano, 13 La.App. 277, 127 So. 748 (La.App.Orleans 1930).
[7] Moreover, Lawler has shown its right to recover rentals under the lease terms. When a subsequent purchaser of the leased property acquires it with knowledge that the seller was not possessed of the right, he acquires no right to receive such payments but only what may be likened to the naked ownership of the property during the term of the lease. Coyle v. Geoghegan, 187 La. 308, 174 So. 366 (1937). These grounds also arguably defeat Access.1's claim that the lease terminated by confusion. Confusion occurs when the qualities of obligor and obligee unite in the same person. La. C.C. art.1903. Clearly, Access.1 never fully obtained all rights as obligee under the obligation due to the reservation of rights by Lawler.
[8] Access.1 inappropriately asserted the exceptions in an opposition to Lawler's motion for summary judgment. We are nevertheless obligated to determine the substance of the pleading because the pleading caption is not controlling. Ford Motor Credit Co. v. Brown, 32-995 (La.App.2d Cir.04/05/00), 756 So.2d 654.