DRAKE, J.,
dissenting in part.
hi respectfully dissent from that portion of the majority opinion finding that the trial court was incorrect in awarding the plaintiff attorneys’ fees pursuant to the open account statute, La. R.S. 9:2781, in this motion for summary judgment which arose in the context of a suit on an open account and the lien enforcement provisions of the Louisiana Private Works Act, La. R.S. 9:4801 et seq. I am of the opinion that some attorney fees should have been awarded by the trial court. I disagree with the majority’s contention that “there is nothing in ’the record that -shows a contractual relationship between Dr. Walker and Accusess such that she can be held liable to Accusess on an open account .., [n]or can Dr. Walker be held liable for an open account based on any alleged agency relationship between Dr. Walker and Tracy Jordan, L.L.C.”
I agree with the majority that the record is replete with evidence of a contractual relationship between Accusess and Tracy Jordan, L.L.C. Unlike the majority, however, I believe that based on the agency relationship between Dr. Walker and Tracy Jordan, L.L.C., a contractual relationship existed between'Dr. Walker and Accusess such that she can be held liable to Accusess on an open account.
|2In her opposition to the motion for summary judgment, Dr. Walker stated she hired Mr. Jordan as her general contractor and remitted to him a sum of money to build her residence. While there is no evidence of a written contract between Dr. Walker and her contractor Mr. Jordan in the record, an oral contract clearly existed between the parties as Mr. Jordan applied for and obtained permits from Accusess on Dr. Walker’s behalf pursuant to their oral contract. Even though Dr. Walker did not know that Mr. Jordan specifically contracted with Accusess for services related to the building of her residence, I am of the opinion that there existed privity of contract between Accuses^ and Dr. Walker based on the agency relationship of Dr. Walker and Tracy Jordan, L.L.C. See Builders Supply of Ruston, Inc. v. Qualls, 32,630 (La.App, 2 Cir. 1/26/00), 750 So.2d 427, 431. I respectfully dissent from the majority’s opinion that Accusess may not pursue- attorneys’ fees under La. R.S. 9:2781. I-note that although I am of the opinion that the attorneys’ fees awarded *80 by the trial court were warranted in this matter,;J find, the award of- $24,475.33 in attorneys’ fees to -.the plaintiff, where the debt -sought to be recovered was merely $700.00, to be an unreasonable - amount awarded by the trial court, and I would award a lesser; amount.
MCDONALD, j. agrees, in part and • dissents in part.