| iWARD, Judge.
This is an appeal from a summary judgment in favor of Taylor Energy Company, Spartan Building Corporation, and its insurer, Fidelity and Deposit Company of Maryland. The summary judgment ordered the Recorder of Mortgages to cancel an inscription of a claim of privilege filed by Boes Iron Works Inc. from the mortgage records, and Boes has appealed that judgment.
Boes filed suit against Taylor, Spartan, and Fidelity seeking to recover an amount allegedly due under a construction contract between Boes and Spartan for construction work on Taylor’s property. The trial court rendered summary judgment, dismissing Taylor and Fidelity from the lawsuit and ordering removal of the claim of privilege from the records after finding that Boes did not timely file its claim in the mortgage office nor did it adequately describe the property that was subject to the privilege. The summary judgment in these consolidated cases literally says “IT IS HEREBY, ORDERED that there be judgment herein in favor of Taylor Energy Company and Fidelity and Deposit Company of Maryland and against Boes Iron Works, Inc., dismissing the petition of plaintiff as to Taylor Energy Company and Fidelity and Deposit Company of Maryland with prejudice, all parties to bear their respective cost_” Fidelity and Deposit did not move |2for summary judgment, and any judgment rendered in its favor is an obvious error. We consider in this appeal only the issue raised in the motions of Taylor and Spartan for summary judgment: the validity of Boes’ privilege against Taylor’s property, and dismissal of Boes’ claims against Taylor. Thus the suit remains an open matter only on the contractual claims of Boes against Spartan and its insurer, Fidelity and Deposit.
We affirm, because we find Boes did not perfect its privilege because it did not adequately describe the property that was subject to the privilege nor did it timely file its claim of privilege in the mortgage office.
Boes filed its claim of privilege describing the immovable property as 616 Howard Avenue, 944 St. Charles Avenue. This is not sufficient under the Private Works Act to perfect a privilege on Taylor’s property even though admittedly it is the correct municipal address of Taylor Energy Company. La. R.S. 9:4831 of the Private Works Act is applicable:
*26 A. The filing of a notice of contract, notice of termination, statement of a claim or ‘privilege, or notice of lis pendens required or permitted to be filed under the provisions of this Part is accomplished when it is filed for registry with the recorder of mortgages of the parish in which the work is to be performed....
[[Image here]]
C. Each filing made with the recorder of mortgages pursuant to this Part which contains a reference to immovable property shall contain a description of the property sufficient to clearly and permanently identify the property. A description which includes the lot and/or square and/or subdivision or township and range shall meet the requirements of this Subsection. Naming the street or mailing address without more shall not be sufficient to meet the requirements of this Subsection.
Obviously Boes’ claim of privilege fails to meet the above requirements. Boes seeks to avoid the ramifications of the above by pointing out that the written notice of the building contract between Taylor and Spartan also failed to meet the above requirements.
We are not persuaded, however, that because Spartan failed to meet the above requirements that Boes is relieved of doing so. All that has occurred by Spartan’s failure to give an adequate description, as required not only by the above but also by La.R.S. |⅞9:4811 A(2), is that neither Taylor nor Spartan can take advantage of benefits available to them by giving proper notice of the contract. Neither section of the Private Works Act excuses Boes’ failure to adequately perfect its privilege. Two errors cannot make a privilege. Boes does not have a privilege on Taylor’s property.
Additionally, we are also persuaded that Boes did not timely file its claim of privilege. As we have indicated above neither Taylor nor Spartan can avail itself of the 30 day time limitations for claims of privileges when notice of a contract is property filed under La.R.S. 9:4811 A. And Spartan may have lost its privilege on Taylor’s property by not properly describing the immovable. Nevertheless, in the absence of a legal description and proper notice, Boes still only had 60 days from the date of abandonment of the construction project to file its claim by virtue of La.R.S. 9:4822 C(2).
Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed ... shall file a statement of their respective claims and privileges within sixty days after:
(2) The substantial completion or abandonment of the work,
Therefore, even though we agree with Boes that the notice was insufficient because, like Boes’ claim of privilege, it too lacks a sufficient legal description, we conclude that it is just as if there was no notice. This, however, means that Boes was not bound by the 30 day provision of La.R.S. 9:4811 A above, but had 60 days under C(2).
The trial court made a finding of fact that work was abandoned at least 60 days before Boes filed its claim. The record supports that finding. Boes’ claim of privilege, even if sufficient as far as a legal description, was not perfected because it was not timely filed.
relies on a document entitled Notice of Acceptance, filed in the record by Spartan after Boes filed its claim of privilege. Boes claims it had 60 days from that date to file its claim. However, there is nothing in the Private Works Act that would indicate that filing that Notice of Acceptance acted to extend the time within which Boes could file its |4claim of privilege, and even Boes con-conthe work was abandoned more than 60 days before it filed its claim in the mortgage office.
AFFIRMED.