STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-855


TEE IT UP GOLF, INC., ET AL.

VERSUS

BAYOU STATE CONSTRUCTION, L,L,C.


\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 234,475
HONORABLE HARRY F. RANDOW, PRESIDING
\*\*\*\*\*\*\*\*\*\*


SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED, AS AMENDED.**

Mark F. Vilar
Aaron L. Green
Vilar & Elliott, LLC
P.O. Box 12730
Alexandria, LA 71315-2730
(318) 442-9533
COUNSEL FOR PLAINTIFFS/APPELLEES:
        Tee It Up Golf, LLC and John Nobles

Mark A. Watson
Stafford, Stewart & Potter
3112 Jackson Street
P.O. Box 1711
Alexandria, LA 71309
(318) 487-4910
COUNSEL FOR DEFENDANT-APPELLANT:
        Bayou State Construction, Inc.

**COOKS, Judge.**

Bayou State Construction, Inc., was hired by John Nobles and/or Tee it Up Golf, LLC, to serve as the general contractor for the construction of a strip mall in Pineville and to perform work on Nobles' private home in Pineville, Louisiana. Nobles and Bayou State agreed to a "cost plus 10%" contract for the jobs. Work began in January 2008, and was billed to Nobles in eight invoices totaling slightly in excess of 1.5 million dollars.

A dispute arose between Nobles and Bayou State concerning the projects. There were attempts by the parties to resolve the matter, however, they were unsuccessful. Eventually, Bayou State filed materialman's liens on both properties with the Clerk of Court in Rapides Parish. Nobles asserted the liens were improper, and demanded in writing that Bayou State request the Recorder of Mortgages cancel the liens. Bayou State did not act upon that request within the ten days provided by law, and, as a result, Nobles brought a Writ of Mandamus to have the materialman's liens cancelled.

The hearing on the Petition for Writ of Mandamus took place on May 4, 2009. Nobles contended there were numerous deficiencies with the liens, including an insufficient property description and a failure to reasonably itemize the elements comprising the amounts and obligations asserted. Following the taking of evidence, the trial court granted the parties leave to file memorandums concerning whether the liens met the procedural requirements of the Private Works Act. Ultimately, the trial court ruled in favor of Nobles, finding the liens did not satisfy the requirements of the Private Works Act and ordering cancellation of the liens. Nobles was also awarded $3,000.00 in attorney fees pursuant to La.R.S. 9:4833(B) for Bayou State's failure to have the liens cancelled within ten days as provided in that section. The trial court

did not make an award for damages incurred by Nobles due to his inability to cancel the liens because there was no proof with regard to damages due to Bayou State's refusal to cancel the liens.

Bayou State appeals that judgment, contending it met the burden required under the Private Works Act. Nobles answered the appeal, requesting we remand to the trial court solely for presentation of proof as to the damages incurred due to Bayou State's refusal to cancel the liens. Nobles also requests an additional award of attorney fees for the work necessitated by Bayou State's appeal. Lastly, he contends Bayou State's appeal is frivolous, further entitling him to an award of damages.

## ANALYSIS

### I. *Perfection of the Liens.*

Initially, we note it was stipulated at the hearing on this matter that Bayou State was the General Contractor for the project at issue and that a reasonable estimate of the work clearly exceeded $25,000.00. Louisiana Revised Statute 9:4811(D) specifically provides "[a] general contractor shall not enjoy the privilege granted by R.S. 9:4801 if the price of the work stipulated or reasonably estimated in his contract exceeds twenty-five thousand dollars unless notice of contract is timely filed." Bayou State conceded notice of contract was not timely filed; thus, as a general contractor cannot advance a claim under the Private Works Act. However, Bayou State argues it is allowed, under *Burdette v. Drushell*, 01-2494 (La.App. 1 Cir. 12/20/02), 837 So.2d 54, *writ denied*, 03-682 (La. 5/16/03), 843 So.2d 1132, to assert a laborer's lien under La. R.S. 9:4801(2) or a lien as a non-general or ordinary contractor under La.R.S. 9:4801(1). We do not disagree. Bayou State was not barred from filing a labor lien because its employees performed work on the projects. However, as

-2-

Nobles notes, there is a "difference between being able to file a 'Labor Lien' and having properly perfected such a lien." We find the record supports the trial court's conclusion that Bayou State failed to properly perfect its liens in this case.

In order to perfect a labor lien under the Private Works Act, La.R.S. 9:4822(G) sets forth the required elements:

> G. A statement of a claim of privilege:
>
> (1) Shall be in writing.
>
> (2) Shall be signed by the person asserting the same or his representative.
>
> (3) Shall reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof.
>
> (4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered.

The trial court held the above article should be read *in pari materia* with La.R.S. 9:4831(C), which provides as follows:

> C. Each filing made with the recorder of mortgages pursuant to this Part which contains a reference to immovable property shall contain a description of the property sufficient to clearly and permanently identify the property. A description which includes the lot and/or square and/or subdivision or township and range shall meet the requirements of this Subsection. Naming the street or mailing address without more shall not be sufficient to meet the requirements of this Subsection.

The trial court found the Statement of Claim filed by Bayou State did not "reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof." We agree. The only reference to an immovable in the Statement of Claim is the municipal address where the "materials were delivered." No other information is provided. The courts have held that under La.R.S. 9:4831(C) "a municipal address is insufficient to

perfect a privilege." *Norman H. Voelkel Construction, Inc. v. Recorder of Mortgages for East Baton Rouge Parish*, 02-1153, p. 3 (La.App. 1 Cir. 6/27/03), 859 So.2d 9, 11, *writ denied*, 03-1962 (La. 10/31/03), 857 So.2d 486; see also *Boes Iron-Works v. Spartan Building Corp.*, 94-519 (La.App. 4 Cir. 12/15/94), 648 So.2d 24, 25, *writ denied*, 95-103 (La. 3/10/95), 650 So.2d 1184 (wherein the court held "a claim of privilege describing immovable property by correct municipal address of property did not adequately describe property subject to privilege for purposes of the Private Works Act."). Therefore, the trial court did not err in finding the listing of only the municipal address on the Statement of Claim was insufficient; and, under La.R.S. 9:4833, Nobles was entitled to have the privilege cancelled.

We also find the trial court did not err in finding Nobles failed to properly set forth the amount and nature of the obligation giving rise to the claims or privileges and reasonably itemize the elements comprising them. The record established that Bayou State filed two claims or privileges, one on each property. However, Bayou State listed the same amount on each claim, $180,762.59. The trial court noted it was not reasonable to assume that two separate projects at two different locations would have required the same amount of material and labor expenses. Noting Bayou State gave no explanation for this, the trial court concluded it simply listed the lump sum for both projects. Clearly, such a lump sum amount cannot meet the statutory requirement to set forth the amount and nature of the claim giving rise to the privilege against each property. It is impossible to know how much the reasonable amount is for the claim on the strip mall as opposed to the claim on the private residence.

Likewise, on both statements of claim filed by Bayou State, the $180,762.59 figure is listed under the category "Materials Supplied." There is no attempt whatsoever to itemize the elements comprising this amount as required by statute.

Thus, the Statements of Claim filed by Bayou State were improper and the trial court did not err in ordering their cancellation.

## II. *Damages for Frivolous Appeal.*

In his answer, Nobles seeks damages for a frivolous appeal. Louisiana Code of Civil Procedure Article 2164 provides the authority for an appellate court to award damages for a frivolous appeal.

> If the court feels that counsel for the appellant does not seriously advocate the position taken or that the appeal was filed solely for dilatory purposes, then damages for frivolous appeal are appropriate. *Gallien v. Winn-Dixie*, 96-832 (La.App. 3 Cir. 12/11/96), 685 So.2d 531 (citing *Hampton v. Greenfield*, 618 So.2d 859 (La.1993)); *Doe v. Roman Catholic Church*, 94-1476 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied*, 95-2076 (La.11/13/95), 662 So.2d 478. However, if even the slightest justification is found for the appeal, and even if the appellant does not prevail on appeal, damages will not be awarded. *Hawkins v. City of Jennings*, 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292.

*Moraus v. Frederick*, 05-429, pp. 9-10 (La.App. 3 Cir. 11/2/05), 916 So.2d 474, 481-82.

Neither the record nor the briefs indicate that counsel for Bayou State does not seriously advocate the position taken, or that this appeal was filed as a dilatory tactic. Thus, we deny Nobles' request for damages for frivolous appeal.

## III. *Damages and Attorney Fees under the Private Works Act.*

Nobles also asserts in his appeal he has suffered damages due to his inability to cancel the two Statements of Claims against his properties. He asserts he has lost the opportunity to refinance existing loans at a lower rate, and thus has incurred increased finance charges as a result. The trial court did not make an award of damages, because there was no proof offered by Nobles regarding the damages he may have incurred as a result of Bayou State's refusal to cancel the liens. We cannot supply the proof on appeal and Nobles has not offered any reasons for his failure to advance this claim by presenting sufficient evidence below. We, therefore, reject

Nobles' request for remand.

Nobles was awarded $3,000.00 in attorney fees pursuant to La.R.S. 9:4833(B) for Bayou State's failure to have the liens cancelled within ten days. In his answer, Nobles requests additional attorney fees for the work necessitated by this appeal. We believe such a request is warranted, and award $3,000.00 in additional attorney fees for the work done on appeal.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment ordering cancellation of the two liens against appellees' properties. We amend the judgment to reflect an additional award of $3,000 in attorney fees in favor of Nobles for the work necessitated by this appeal. All costs of this appeal are assessed against appellant, Bayou State Construction.

**AFFIRMED, AS AMENDED.**