ROLAND L. BELSOME, Judge.
|! This appeal arises from the trial court’s grant of summary judgment in favor of 2601, L.L.C. dismissing the claims of Noto-co Industries, L.L.C. and cancelling the *1243 lien filed in the mortgage records by Noto-co Industries, L.L.C. against 2601, L.L.C.
Notoco contracted with Bradley Electric Company to furnish electrical materials for improvements on a building located at 2601 Tulane Avenue, also known as the Tulane Towers. Bradley was performing electrical work on the building pursuant to a contract with 2601, L.L.C. Notoco contends that at the time the job was completed, Bradley owed Notoco a balance of $195,280.14. After notifying 2601, L.L.C.’s managing partner Philip Stein of the outstanding debt, Notoco filed a claim of lien pursuant to the Private Works Act. Later, Notoco filed a Petition on Lien naming 2601, L.L.C. and Bradley Electric Company as defendants. That action was consolidated with an earlier filed suit instituted by Bradley against 2601, L.L.C. seeking sums due pursuant to their contract.
| ¾2601, L.L.C. filed a motion for summary judgment challenging the sufficiency of Notoco’s claim of lien. The trial court determined that deficiencies in the claim of lien warranted the lien being cancelled.
The Louisiana Private Works Act provides a method for contractors and others to recover the costs of labors and/or materials from a party with whom there is no contract.[1] A claim against the owner of the immovable is secured by filing a lien against the immovable on which, in this case, the materials were incorporated.[2] La. R.S. 9:4822(G) mandates that the statement of privilege or lien meet specific requirements. The statement of claim or privilege:
(1) Shall be in writing.
(2) Shall be signed by the person asserting the same or his representative.
(8) Shall reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof.
(4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered.
La. R.S. 9:4822(G).
In 2601, L.L.C.’s summary judgment, it claimed that Notoco’s lien was not properly perfected in the manner proscribed by the statute and therefore should be extinguished. More specifically, the lien failed to set forth the nature of the obligation giving rise to the claim and there was no itemization of the materials supplied. La. R.S. 9:4822(G)(4). The trial court, relying on Tee It Up Golf, Inc. v. Bayou State Construction, 09-855 (La.App. 3 Cir. 2/10/10), 30 So.3d 1159, agreed Rthat the lien had not been perfected in accordance with the requirements of the statute.
In Tee It Up Golf, the contractor Bayou State was hired by John Nobles and/or Tee it Up Golf to construct a strip mall and to do improvements on a private home. Id. A dispute arose between the parties and outstanding invoices were left unpaid. Subsequently, Bayou State filed materialman’s liens on each of the properties. Noble sought to have the liens can-celled for numerous deficiencies, including the “failure to reasonably itemize the elements comprising the amounts and obligations asserted.” Each of the liens stated the debt owed on “Materials Supplied” as a lump sum of $180,762.59.
On that specific issue, the Third Circuit found that simply inserting “a lump sum amount cannot meet the statutory require *1244 ment to set forth the amount and nature of the claim giving rise to the privilege.... ” Further, the court surmised that it was unreasonable to conclude that each property had the exact same amount of outstanding debt on materials and there was no attempt to itemize the elements comprising the amount claimed, also a requirement of the statute. Ultimately, the court affirmed the trial court’s ruling ordering that the liens be cancelled.
Relying on this Court’s opinion in Hibernia National Bank v. Belleville Historic Development L.L.C., 01-657 (La.App. 4 Cir. 3/27/02), 815 So.2d 301, Notoco argues that, the deficiencies complained of by 2601, L.L.C. amount to mere technical violations in the drafting of the lien which do not warrant the lien being cancelled. In Hibernia, contractor GCI Construction, Inc. filed a claim of lien against Belleville Historic Development, L.L.C. for sums owed on a contract to provide materials and labor on a project. The lien was filed together with the Rcontract and set forth the amount that the contractor maintained was owed and the following statement:
... to furnish labor material to construct twenty-one (21) condominium units at Belleville Condominiums, a project of Belleville Historic Development, L.L.C. Said work was performed as per the aforementioned contract.
Id. p. 8, 815 So.2d at 306.
This Court determined that the requirements of the statute needed to be balanced with the legislative intent of the statute, stating:
The trial court ignored the purpose of filing a lien affidavit. The comments following R.S. 9:4822 explain at section (G) that: ‘... The purpose of a statement or claim of privilege is to give notice to the owner (and contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property.... Technical defects in the notice should not defeat the claim as long as the notice is adequate to serve the purposes intended.’

Id.

Using that reasoning, this Court found that the Hibernia lien was sufficient to meet the mandates of La. R.S. 9:4821(G).
In the instant case, we are faced with deficiencies that are more similar to those in Tee It Up Golf. The pertinent part of the Notoco lien reads:
There is an unpaid balance of One Hundred ninety five thousand two hundred eighty and fourteen cents ($195,280.14) Dollars, together with contractual interest per annum until paid, any assessed late fees, attorney’s fees of $150.00 plus all costs, for services rendered.
Again, the purpose of the lien is to give notice that the claim exists, not just to the owner but also to third parties. Thus, Notoco’s position that 2601, L.L.C. had sufficient notice prior to the filing of the lien, does not lessen its burden to provide specific information regarding the debt. In the Hibernia lien a third party could ascertain that the sum owed was for labor and materials used in the construction of 21 condominium units. In Notoco’s lien, not only do they not | ..¡itemize, there is not even a general description of the nature of the debt. A lump sum with no supporting description is more than a technical defect.
Accordingly, we affirm the trial court’s granting of summary judgment and order to cancel lien.
AFFIRMED

. La. R.S. 9:4801, et seq.

. La. R.S. 9:4802(B).