GUIDRY, J.
| gPlaintiff, Accusess Environmental, Inc. d/b/a/ Discountpermit.com (“Accusess”), filed suit against the defendant, Dr. Mar-geaux[1] Walker, to recover a debt. The trial court granted summary judgment in favor of Accusess, and Dr. Walker appealed. Accusess has filed an answer to the appeal seeking additional attorney fees. *72 For the following reasons, we reverse, and we deny the answer to'the appeal.
FACTS AND PROCEDURAL HISTORY
Dr. Walker hired generál contractor Tracy Jordan, LLC to construct a home in the University Club Plantation subdivision in East Baton Rouge Parish.[2] During the' construction process, Tracy Jordan, the owner of Tracy Jordan, LLC, contracted with Accusess to provide environmental permitting services that were required for the construction of Dr. Walker’s residential property. Specifically, Ac-cusess drafted a stormwater environmental report for the Environmental Division of the East Baton Rouge Parish Department of Public Works as a prerequisite for approval of a residential building permit for the property. Accusess also generated a state construction permit for residential construction as required by the Louisiana _ Department of Environmental Quality (“LDEQ”).
The labor furnished.-by Accusess in completing the application included a stormwa-ter pollution prevention plan (“SWPPP”), erosion control map, LDEQ Notice of Intent for Construction Permit application, stormwater inspections, and compliance reporting. Accusess submitted the finalized permit application to the LDEQ on October 6, 2009. The LDEQ granted the permit on March 4, 2010. Accusess began work for Mr. Jordan on September 22, 2009, and ended its work on July 15, 2010. After the work was complete, Accusess supplied Mr. Jordan lawith an invoice showing the total amount of $700.00 due for the professional labor and services it rendered.[3] Mr. Jordan never paid the invoice. On July 5, 2010, Dr. Walker terminated Mr. Jordan from the' construction project.
When the bill was not paid in full, counsel for Accusess sent Dr. Walker correspondence via certified mail dated August 19, 2010, notifying her of its intent to file a lien against her property. After receiving the letter, Dr. Walker spoke to the president of Accusess, Diane T. Baum, via telephone on two occasions. Dr. Walker requested a copy of the contract Mr. Jordan purportedly 'executed, ^documentation evidencing'the amount asserted, and proof that the services were related to the construction project. Accusess offered to settle Dr. Walker’s debt for $500.00, which Dr. Walker declined.[4] Counsel for Aecu-sess then sent Dr. Walker correspondence via certified mail dated August 31, 20ÍÓ, notifying her that Accusess had filed the lien against her property and included a lien notice' along with a copy of the lien.
Approximately one year later, Accusess 'sent Dr. Walker a demand letter via certified mail dated August 10, 2011, seeking the past due balance for its services rendered. Dr. Walker responded to Accu- *73 sess’s demand in a certified letter dated August 15, 2011, disputing the balance and requesting proof of the amount claimed. When the total amount of the invoice, remained unpaid, Accusess filed a petition on open account and to enforce lien on August 31, 2011, naming Dr. Walker and Tracy Jordan, LLC as defendants. Accusess claimed a subcontractor lien and privilege against the property pursuant to the Louisiana Private Works |4Act, La. R.S. 9:4801-55 for the contractual amount due and sought a judgment for that amount plus costs, damages, and reasonable attorney fees.
Accusess attempted to effectuate service of process on Dr. Walker, After two unsuccessful attempts to serve Dr. Walker, the trial court granted Accusess’ motion to appoint a private process server to effectuate service on Dr. Walker. The private process server unsuccessfully attempted service on Dr. Walker five times.[5] In response, Dr. Walker filed a declinatory exception raising the objection of insufficient service of process and a dilatory exception raising the objection of want of amicable demand on May 26, 2012. Additionally, Dr. Walker filed a motion and order to deposit the contested $700.00 into the registry of the court, which the trial court granted on May 30, 2012.[6] The trial court heard Dr. Walker’s exceptions on February 10, 2014.[7],. Dr. Walker subsequently withdrew her objection of insufficient service of process. The trial court denied her dilatory excéption raising the objection of want of amicable demand. Dr.. Walker answered Accusess’ petition on open account and to enforce lien on February 28, 2014, and asserted a cross claim against Tracy Jordan, LLC. In her answer, Dr. Walker denied contracting with Accusess to perform the services, but admitted “to the extent that services were perforrried.”
Accusess filed a motion for summary judgment against Dr. Walker and Tracy Jordan, LLC on May 23, 2014. Following a hearing on August' 18, 2014, the |(¡trial court granted summary judgment In favor of Accusess itv the atooulit of $700.00, with legal interest, and attorney fees in the amount of $24,475.33. A judgment conforming to the court’s ruling was signed by the trial' court on September 9, 2014. Dr. Walker now appeal's; Accusess answered the appeal, requesting an increase in the award of attorney fees for the efforts expended in answering and defending this appeal.
STANDARD OF REVIEW
It is well settled that an appellate court reviews , a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern, , the trial court’s consideration of whether sum- . mary judgment is appropriate. GameStop, Inc. v. St. Mary Parish Sales & Use Tax Department, 14-0878, p. 6 (La.App. *74 1st Cir.3/19/15), 166 So.3d 1090, 1094. writ denied, 15-0783 (La.6/1/15), 171 So.3d 929. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends.. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
DISCUSSION
Dr. Walker does, not contest,the summary judgment to the extent it awards Accusess the balance owed, for the services performed; rather, she is appealing the attorney fees awarded in the judgment.[8] Although on different grounds, we find | ¿merit in Dr. Walker’s challenge of the attorney fees award.
As a general rule, attorney fees are not due and owing a successful litigaht unless specifically provided for by contract or by statute. Our courts have construed such statutes strictly because the award of attorney fees is exceptional and penal in nature. Bridges v. Lyondell Chemical Company, 05-1535, p. 5 (La.App. 1st Cir.6/9/06), 938 So.2d 786, 789, writ denied, 06-2196 (La.11/17/06), 942 So.2d 541. The motion for summary judgment at issue here arose in the context of a suit on an open account under La. R.S. 9:2781 and a lien enforcement action under the Louisiana Private Works Act, La. R.S. 9:4801-55. Louisiana Revised Statutes 9:2781, governing suits on open accounts, provides, in pertinent part:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service , of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor Shall be liable for the claimant’s attorney’ fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
[[Image here]]
D. For the purposes of this Section ..., “open account” includes any account - for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. ’ “Open account” shall include 'debts incurred for professional services, including but 'not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
E., As used in this Section the following terms shall have the following meanings:
[[Image here]]
*75 (2) “Reasonable attorney fees” means attorney fees incurred before judgment and after judgment if the judgment creditor is required to ^enforce- the judgment through a writ of fieri facias, writ of seizure and sale, judgment debt-. or examination, garnishment, or other postjudgment judicial process. [Emphasis added.]
An open account necessarily involves an underlying agreement between the parties on- which the debt is based. Gulfstream Services, Inc. v. Hot Energy Services, Inc., 04-1223, p, 4 (La.App. 1st Cir.3/24/05), 907 So.2d 96, 100, writ denied, 05-1064 (La.6/17/05), 904 So.2d 706. Where there is. no contractual relationship between the parties, there can be no recovery on an open account basis. Builders Supply of Ruston, Inc. v. Qualls, 32,630, p. 3 n. 4 (La.App.2d Cir.1/26/00), 750 So.2d 427, 430 n. 4.
In the record before us, Accusess repeatedly discloses that the agreement to provide énvironmental permitting services for the construction of Dr. Walker’s residence was between it and Mr. Jordan and/or Tracy Jordan, LLC. In paragraph four of its petition, Accusess alleged “Defendant Walker, as owner, was aware that Defendant Jordan did enter into certain contractual agreements with Accusess.” Then, in paragraphs one and two, respectively, of its motion for summary judgment, Accusess stated “Accusess entered into a contract with Tracy Jordan, LLC, a general contractor, to perform certain environmental permitting labor and services for the construction of the immovable property located at the municipal address of 15128 Memorial, Tower Drive, Baton Rouge, Louisiana” and “Accusess faithfully performed all labor and services required of it pursuant to the contract with Tracy Jordan, LLC ... for the improvement” of the aforementioned immovable property.
In an affidavit submitted in support of its motion for summary judgment, Diane T. Baum, the owner and president of Accu-sess, stated that in September .2009, Mr. Jordan of Tracy Jordan, LLC contacted Accusess to- perform certain professional services related to environmental permitting on the construction of a residential -home. She then stated that “[p]ursuant to the agreement between Tracy |aJordan, LLC and Accusess, Accusess invoiced Tracy Jordan, LLC $700.00 for the-above-mentioned services.” The documentary evidence submitted in conjunction with the motion for summary judgment shows that the environmental permit was applied for in the name of and issued to Tracy Jordan, LLC. The invoice for the services provided by Accusess was issued to Mr. Jordan.
In her opposition to the motion for summary judgment, Dr. Walker declared:
Margeaux Walker retained Tracy Jordan, LLC ... to be her [contractor] for the construction of. her residence located in the University Club subdivision. Ms. •Walker remitted, a sum of money to Tracy Jordan, LLC for the various purposes, including for the purpose of Tracy Jordan, LLC to acquire the permits necessary for the proper construction of Ms..Walker’s residence.. As a part of the performance of [its] duties, Tracy Jordan, LLC appears, to have engaged Accusess ..... As has been previously presented in the record in this matter, Ms. Walker was contacted, after she removed Tracy Jordan, LLC as her contractor, by a representative of [Accu-sess] who apprised Ms. Walker of the agreement that was entered into by Tracy Jordan for the issuance of a permit to complete a stormwater environmental report.
In E. Smith Plumbing, Inc. v. Manuel, 11-1277, p. 3 (La.App. 3d Cir.3/28/12), 88 So.3d 1209, 1212-13, three subcontractors *76 filed suit against the owners of immovable property alleging that some of the balances owed to-them were owed by the owners due to an open account'. In reversing the judgment -in -favor of the subcontractors, the appellate court observed that there was no signed contract between the owners and any of'the Subcontractors, that it was the general contractor who had opened accounts with each of the subcontractors, that the billing for the subcontractors’ work was sent in the general contractor’s name, and that it was evident that’ the general contractor had selected the subcontractors to perform services for construction of the owners’ home. As such, the court found there was no contract between the owners and subcontractors,- and therefore no open account between those parties. E. Smith Plumbing, Inc., 11-1277 at pp. 5-6, 88 So.3d at 1214.
lflSimilarly, while the record before us is replete with evidence of a contractual relationship between Accusess and Mr. Jordan and/or Tracy Jordan, LLC, so as to support an action on open account against Tracy Jordan, LLC, there is nothing in the record that shows a contractual relationship between Dr. Walker- and Ac-cusess such that she can be held liable to Accusess on an open account. Nor can Dr. Walker be held liable for an open account based on any alleged agency relationship between Dr. Walker and Tracy Jordan, LLC.
An agency relationship may be created by express appointment of a manda-tary under La. C.C. art. 2985 or by implied appointment arising from apparent authority in order to protect third parties. Apparent authority is a juris-prudentially created concept of estoppel which operates in favor of a third person and binds the principal for the unauthorized acts of an apparent agent. To trigger the concept of apparent authority, the third party must prove that the principal gave the third party reason to believe that the agent had authority to act on the principal’s behalf with respect to the particular action-taken and that the third party reasonably relied upon the manifested authority of the agent. Implied or apparent agency exists if the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal.
Builders Supply of Ruston, Inc., 32,630 at p. 4, 750 So.2d at 431 (citations omitted).
The contract between Dr. Walker and Tracy Jordan, LLC was not submitted into evidence, but accórding to Dr. Walker’s opposition to the motion for summary judgment, she asserted that the decision to engage the sendees of Accusess was made by Tracy Jordan, LLC. There is nothing in the record that indicates Dr. Walker exercised any control over Tracy Jordan, LLC’s selection of Accusess as a subcontractor or suggests any implied appointment of Tracy Jordan, LLC as Dr. Walker’s agent. An agency relationship cannot be presumed, it must be clearly established, and any party dealing with Tracy Jordan, LLC had an affirmative duty to determine the extent and scope of Mr. Jordan and/or Tracy Jordan, LLC’s authority to bind Dr. Walker if an agency relationship were so presumed. See E. Smith Plumbing, Inc., 11-1277 at pp. 7-8, 88 So.3d at 1215. Thus, as a matter of |inlaw, we find the record does not support a finding that Dr. Walker was liable to Accusess for an open account. Therefore, Dr. Walker cannot be held liable for attorney fees under La. R.S. 9:2781.
As previously mentioned, the underlying lawsuit by Accusess was a combined suit- on open account and lien enforcement action. The Louisiana Private Works Act provides a method for contractors and others to recover the costs of *77 labor and/or- materials from a party with whom there is no contract. Simms Hardin Company, LLC v. 3901 Ridgelake Drive, L.L.C., 12-469, p. 12 (La.App. 5th Cir.5/16/13), 119 So.3d 58, 65, writ denied, 13-1423 (La.9/27/13), 123 So.3d 726; see La. R.S. 9:4801-55. A claim against the owner of the immovable is secured by filing a lien against the immovable on which, in this case, the labor was performed. The purpose of a statement or claim of privilege is to give notice to the owner (and the contractor) of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property. Simms Hardin Company, LLC, 12-469 at p. 12, 119 So.3d at 65-66.
The purpose of the Private Works Act is to protect materialmen, laborers, and subcontractors who engage in construction and repair projects. Hibernia National Bank v. Belleville Historic Development, L.L.C., 01-0657, p. 7 (La.App. 4th Cir.3/27/02), 815 So.2d 301, 305, writ denied, 02-1177 (La.6/14/02), 818 So.2d 785. Sixty days after the substantial completion of the work (when a notice of termination is not filed, as it was riot in this case); persons granted a claim and privilege pursuant to La. R.S. 9:4802[9] must file a statement of their claim or privilege. La. R.S. 9:4822(C). Louisiana Revised Statutes 9:4822(G) provides that a statement pf a claim or privilege:
(1) Shall be in writing.
In(2) Shall be signed by the person asserting the same or his representative. (3) Shall reasonably identify the immovable with respect to which the work was performed or movables or services were supplied or rendered and the owner thereof.
(4) Shall set forth the amount and nature of the obligation giving rise to .the claim: or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was ■ performed, material supplied, or services rendered. The provisions of this Paragraph shall not require a claimant to attach copies of unpaid invoices unless the statement.of claim or privilege specifically states that the invoices are attached. .
The fact that Accusess properly and timely filed its lien in accordarice with the Private Works Act is undisputed. Ac-cusess has a right to have its privilege on the immovable property recognized and enforced; that is, to obtain a judgment in its favor on its suit' to enforce the lien. What is at issue is whether Accusess is entitled to recover attorney fees for this lien enforcement action under the Private Works Act.
A subcontractor can collect attorney fees under the Private Works Act when ah owner fails to give timely notice in accordance with La, R.S, 9:4822(L) to a subcontractor who filed a notice with the owner iri accordance with La, R.S. 9:4822(K). Those provisions specifically state:
K. (1) Any person to whom a privilege is granted by R.S. 9:4802 may give notice to the owner of an obligation to that person arising out of the performance of work under the contract. The notice shall be given prior to:
(a) The filing of a notice of termination of the work; or
(b) The substantial completion or abandonment of the work, if a notice of termination is not filed.
(2) The method of notice shall be under R.S. 9:4842(A), The notice shall set *78 forth the nature of the work or services performed by the person to whom the obligation is owed and shall include his mailing address.
L. (1) When notice under Subsection K has been given by a person to the owner, the owner shall notify that person as required by R.S. 9:4842(A) within three days of:
| ia(a) Filing a notice of termination of the work; or
(b) The substantial completion or abandonment of the work, if a notice of termination is not filed.
(2) The owner who fails to give notice to the person under the provisions of this Subsection within ten days of commencement of the period for preservation of claims and privileges shall be liable for all costs and attorney’s fees for the establishment and enforcement of the claim or privilege. [Emphasis added.]
Before the Louisiana Legislature enacted La. R.S. 9:4822(K) and (L) in 1988, a subcontractor who timely filed a statement of claim against an owner was not allowed to collect attorney fees. Attorney fees have never been included as one of the enumerated amounts secured by the claims and privileges defined in La. R.S. 9:4803(A). A subcontractor who invokes the provisions of La. R.S. 9:4822(K) and (L), and timely preserves its claim under La. R.S. 9:4822(A) or (C), is allowed to recover attorney fees, and costs as a penalty in the event the owner fails to comply with the notice requirement of La. R.S. 9:4822(L). Byron Montz, Inc. v. Conco Construction, Inc., 02-0195, pp. 10-11 (La.App. 4th Cir.7/24/02), 824 So.2d 498, 504.
The record before us does not indicate whether a notice of termination of the work was filed and if s.o, when, nor does the record indicate when substantial completion of the work occurred. But even assuming that the notice given by Accu-sess to Dr. Walker was timely given in accordance with La. R.S. 9:4822(K), Accu-sess neither asserts nor has presented any evidence to show that Dr. Walker violated La. R.S. 9:4822(L) so as to establish its entitlement -to attorney fees pursuant to the Private Works Act. As. the proponent of the motion for summary judgment, as well as being the plaintiff in the suit, Accu-sess bore the burden of proving that Dr. Walker failed to provide notice in accordance with La. R.S. 9:4822(L). See La. C.C.P. art. 966(C)(2); Nu-Lite Electrical Wholesalers, LLC v. Alfred Palma Inc., 03-1167, p. 7 (La.App. 1st Cir.4/24/04), 878 So.2d 660, 663. Failing such, Accusess is not entitled to an award of attorney fees and costs for this lien enforcement action under the Private Works Act.
As we previously found that there was no privity of contract between. Dr. Walker and Accusess and as neither of the identified statutory grounds for an award of attorney fees apply in this matter, we find the trial court legally erred in assessing an award of attorney fees against Dr. Walker in favor of Accusess. Accordingly, we reverse the award of attorney fees in the September , 9, 2014 summary judgment. In so ruling, we pretermit discussion of Dr. Walker’s second assignment of error as moot.
Finally, we consider Accusess’ claim for additional attorney fees. Accusess answered Dr. Walker’s appeal, arguing that it is entitled to judgment increasing the award of attorney fees payable to it by Dr. Walker for efforts expended in answering and defending this appeal. .See La. C.C.P. art. 2133.
Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial *79 court is forced to and successfully defends an appeal. Gibson & Associates, Inc. v. State, Department of Transportation and Development, 13-2069, p. 12 (La.App. 1st Cir.9/24/14), 155 So.3d 39, 46. As we find Dr. Walker’s appeal to have merit, we deny Accusess’ request for additional attorney fees.
CONCLUSION
Finding that the trial court improperly assessed Dr. Walker with attorney fees for an open account under La. R.S. 9:2781, and finding no other statutory or contractual basis to support assessment of an award of attorney fees against Dr. Walker, we reverse that portion of the September 9, 2014 summary judgment awarding Ac-cusess $24,475.33 in attorney fees pursuant to La. R.S. 9:2781. We otherwise affirm the trial c'ourt’s grant of summary judgment in favor of Accusess 114E nvironmental, Inc. in the amount of $700.00. We decline to award additional attorney fees on appeal. All costs of this appeal are assessed equally to the parties.
REVERSED IN PART AND AFFIRMED IN PART.
THERIOT, J., dissents and concurs with reasons provided by J. DRAKE.
DRAKE, J., dissents and assigns written reasons.

. Accusess erroneously, identified the defendant as “Margot” in its petition.

. There is no evidence of a written or verbal contract to build in the record or whether a notice to contract or bond was filed.

, Confusingly, the invoice attached to Accu-sess’s motion for summary judgment is dated September 30, 2009, displays a due date of September 30, 2009, and a total of $700.00. Yet, in the itemized section of the invoice, it shows that- the service of "Builder’s Package # 2" was provided on September 30, 2009, at a cost of $500,00, then a second service of "Inspection” is listed as being performed on June 15, 2010, at a cost of $200.00.

.It is unclear from the record whether Accu-sess supplied Dr. Walker with a copy of the invoice it sent to Mr. Jordan prior to the filing of the lien. In her exceptions pleading, Dr. Walker claimed that in response to her request for more information regarding proof of the debt, Accusess “submitted all of the documentation requested, with the exception of proof of the fee amount being sought.”

.In a sworn affidavit, the private process server stated that on four occasions, he attempted personal service on Dr. Walker at her domicile. Each attempt was unsuccessful because no one would answer the door, despite obvious individuals inside the home. On a fifth occasion, the private process server attempted to personally serve Dr. Walker at her place of business. After a receptionist pointed out Dr, Walker, the process server presented her with the citation and lawsuit. The process server claims Dr. Walker "quickly turned to fl.ee the situation." While she was still in the room, the process server placed the paperwork; on a desk and told Dr. Walker that she had been served.

, Dr. Walker did not deposit the value of the disputed debt into the .registry of the court until January 2, 2014.

. Dr. Walker’s exceptions, originally set for hearing on June 18, 2012, were passed without date at the. request of Accusess, and re-set for February 10, 2014.

. In her brief, Dr. Walker specifically argues that Accusess failed to prove the amount of the debt owed by her, and because Accusess was unable to prove the debt, the trial court committed error by awarding attorney fees to Accusess. Dr. Walker also contends that the award of $24,475.33 in attorney fees to Accu-sess is excessive.

. Subcontractors have a claim against the owner and a claim against the contractor to secure payment for the price of their work. La. R.S, 9:4802(A)(1).