STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0870

CRAWFORD ELECTRIC SUPPLY COMPANY, INC.

VERSUS

LOGA HOLDINGS LLC F/D/B/A ALPHA ONE ELECTRICAL,
L.L.C., STEVEN LOGA, MAGINNIS CONSTRUCTION COMPANY,
LLC., AND THE GRAY CASUALTY & SURETY COMPANY

JUDGMENT RENDERED: **FEB 2 1 2025**

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 713,025 • Section 21

The Honorable Ronald R. Johnson, Presiding Judge

* * * * * * *

| | |
|---|---|
| Michael F. Weiner<br>Covington, Louisiana | COUNSEL FOR APPELLANT<br>PLAINTIFF—Crawford Electric<br>Supply Company, Inc. |
| Russel W. Wray<br>Jackson, Louisiana | COUNSEL FOR APPELLEE<br>DEFENDANT—Maginnis<br>Construction Company, L.L.C. and<br>The Gray Casualty & Surety<br>Company |

* * * * * * *

BEFORE: THERIOT, HESTER, AND EDWARDS, JJ.

**EDWARDS, J.**

Plaintiff, Crawford Electric Supply Company, Inc. ("Crawford"), appeals a judgment of the district court that granted a motion for summary judgment filed by two defendants, Maginnis Construction Company, L.L.C. and The Gray Casualty & Surety Company, and dismissed Crawford's claims against them for failure to adequately preserve its claims under the Louisiana Private Works Act. For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

Maginnis Construction Company, LLC ("Maginnis") entered into a contract with Picardy Tres, LLC under which Maginnis was to act as general contractor on a construction project known as Bascom Hunter Facility Modifications ("the Project") in Baton Rouge, Louisiana. Maginnis subcontracted a portion of the work on the Project to Loga Holdings LLC f/d/b/a Alpha One Electrical, L.L.C. ("Alpha"), and Alpha purchased electrical supplies and related materials and equipment from Crawford to complete the job. A notice of substantial completion of the Project was filed on September 22, 2020.

According to Crawford, Alpha failed to pay Crawford the full amount owed for the materials it provided for the Project, resulting in an outstanding balance of $72,132.93. Crawford filed a "Statement of Claim or Privilege Under the Louisiana Private Works Act" ("Statement of Claim") on November 19, 2020, to preserve its claim against Maginnis and Picardy Tres. On November 8, 2021, Crawford filed this lawsuit against Alpha, Steven Loga (a principal of Alpha), Maginnis, and The Gray Casualty & Surety Company ("Gray") pursuant to the Louisiana Private Works Act ("PWA"), La. R.S. 9:4801, *et seq.* In its lawsuit, Crawford sought to recover the cost of the supplies provided to Alpha in the amount of $60,364.31 (the cost of the materials in the amount of $72,132.93, less all due credits); service charges at the per annum rate of 18% pursuant to the contract governing the sales; and all costs

2

of collection including reasonable attorney's fees and costs of court. Maginnis and Gray (collectively referred to as "Defendants") answered Crawford's petition and filed a cross-claim against their co-defendants.

On September 28, 2023, Defendants filed a motion for summary judgment seeking dismissal of Crawford's claims against them due to Crawford's alleged failure to adequately preserve its claim or privilege under the PWA. More specifically, Defendants claimed Crawford did not reasonably itemize the materials supplied in its Statement of Claim as is required under La. R.S. 9:4822(H). According to Defendants, Crawford's use of the phrase "electrical supplies" to describe the materials it supplied to Alpha does not comply with the PWA in this regard and therefore resulted in Crawford's failure to properly preserve its claims. As such, Defendants argued that Crawford's claims against them were extinguished two years after filing the certificate of substantial completion and therefore should be dismissed.

In support of their motion, Defendants attached (1) Crawford's petition; (2) Defendants' first request for discovery to Crawford; (3) Crawford's objections and responses to Defendants' discovery request, which included Crawford's Statement of Claim recorded on November 19, 2020, a reference to invoices for the Project, and Crawford's admission that it did not attach any invoices to its Statement of Claim; and (4) the affidavit of Ashley Green, paralegal to counsel for Defendants, who attested that she obtained a certified copy of the Statement of Claim and Certificate of Substantial Completion from the 19th JDC's online records system. Both documents were attached to Ms. Green's affidavit.

In opposition to Defendants' motion, Crawford argued that, based on the legislative intent and fundamental aim of the PWA and the purpose of the Statement of Claim, Crawford's Statement of Claim is adequate to provide notice of its claims against Defendants. Crawford also distinguished each case cited by Defendants in

3

support of their motion for summary judgment, noting that several of those cases involved liens that only referenced "materials supplied" whereas Crawford's lien describes the materials supplied as "electrical supplies." Crawford did not attach any additional exhibits to its memorandum in opposition.

The district court held a hearing on Defendants' motion on February 29, 2024. At the conclusion of the hearing, the district court took the matter under advisement. On March 19, 2024, the district court signed a judgment granting summary judgment in favor of Defendants and against Crawford and dismissing all claims asserted by Crawford against Defendants with prejudice. Crawford timely appealed.[1]

## SUMMARY JUDGMENT

Appellate courts review the grant or denial of summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. **Robinson v. Cheng, LLC**, 2022-1130 (La. App. 1 Cir. 7/10/23), 372 So.3d 7, 9. A court shall grant summary judgment if the pleadings, memorandum, and admissible supporting documents show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See La. C.C.P. art. 966(A)(3) & (4); **Robinson**, 372 So.3d at 9.

The summary judgment movant maintains the burden of proof. See La. C.C.P. art. 966(D)(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. See La. C.C.P. art. 966(D)(1). Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and if appropriate, the court shall render

---

[1] Notice of judgment was mailed on March 27, 2024. Crawford filed a motion for devolutive appeal on April 8, 2024. The district court granted the appeal on April 11, 2024.

4

summary judgment against him. See La. C.C.P. arts. 966(D)(1) and 967(B); **Robinson**, 372 So.3d at 9.

## THE PRIVATE WORKS ACT

Crawford's claims against Defendants are based on the PWA, La. R.S. 9:4801, *et seq.* Because the PWA is in derogation of general contract law, it must be strictly construed. **Bear Industries, Inc. v. Hanover Insurance Company**, 2017-0301 (La. App. 1 Cir. 1/4/18), 241 So.3d 1159, 1162, writ denied, 2018-0224 (La. 3/23/18), 238 So.3d 458. In interpreting the PWA, care must be taken not to overlook the legislative intent and fundamental aim of the PWA, which is to protect materialmen, laborers, and subcontractors who engage in construction and repair projects. **Bear Industries, Inc.**, 241 So.3d at 1162.

According to La. R.S. 9:4822(A), a person granted a privilege and/or claim pursuant to the PWA[2] generally must file a statement of his claim or privilege no later than 60 days after (1) the filing of a notice of termination of the work; or (2) the substantial completion or abandonment of the work, if a notice of termination is

---

[2] The following persons have a privilege on an immovable to secure the following obligations of the owner arising out of work on the immovable: (1) contractors, for the price of their work; (2) laborers or employees of the owner, for the price of work performed at the site of the immovable; (3) sellers, for the price of movables sold to the owner that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable; (4) lessors, for the rent of movables used at the site of the immovable and leased to the owner by written contract; and (5) professional consultants engaged by the owner, and the professional subconsultants of those professional consultants, for the price of professional services rendered in connection with a work that is undertaken by the owner. La. R.S. 9:4801. Additionally, the following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract: (1) subcontractors, for the price of their work; (2) laborers or employees of the contractor or subcontractor, for the price of work performed at the site of the immovable; (3) sellers, for the price of movables sold to the contractor or a subcontractor that become component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable; (4) lessors, for the rent of movables used at the site of the immovable and leased to the contractor or a subcontractor by written contract; and (5) professional consultants engaged by the contractor or a subcontractor, and the professional subconsultants of those professional consultants, for the price of professional services rendered in connection with a work that is undertaken by the contractor or subcontractor. La. R.S. 9:4802(A).

We note at the outset that the cases discussed in this opinion involve different categories of claimants; however, the requirements for filing a sufficient statement of claim or privilege remain the same regardless of the identity of the claimant. See La. R.S. 9:4822(A) & (H).

not filed. Louisiana Revised Statutes 9:4822(H)[3] further provides that a statement of a claim or privilege:

(1) Shall be in writing.

(2) Shall be signed by the person asserting the same or his representative.

(3) Shall contain a reasonable identification of the immovable with respect to which the work was performed or movables or services were supplied or rendered.

(4) Shall set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered. The provisions of this Paragraph shall not require claimant to attach copies of unpaid invoices unless the statement of claim or privilege specifically states that the invoices are attached.

(5) Shall identify the owner who is liable for the claim under [La.] R.S. 9:4806(B), but if that owner's interest in the immovable does not appear of record, the statement of claim or privilege may instead identify the person who appears of record to own the immovable.

A PWA lien is not sufficient to preserve a claim or privilege and is subject to cancellation/extinguishment if it fails to satisfy the express requirements of La. R.S. 9:4822. See La. R.S. 9:4823(A)(1). However, technical defects in the notice should not defeat the claim or privilege as long as the notice is adequate to serve the purposes intended. See La. R.S. 9:4822, Comment (l). The purpose of a statement or claim of privilege is to give notice to the owner and the contractor of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property. **Id.**; **Accusess Environmental, Inc. v. Walker**, 2015-0008 (La. App. 1 Cir. 12/17/15), 185 So.3d 69, 77.

## DISCUSSION

Crawford's Statement of Claim states, in pertinent part:

2. Crawford Electric Supply Company, Inc. sold movables, including electrical supplies, to Alpha One Electrical . . . which were

---

[3] Prior to 2020, the requirements for a statement of claim or privilege were contained in La. R.S. 9:4522(G).

used as part of a single continuous project for a physical change of an immovable or its component part known as Bascom Hunter Facility Modifications, Picardy Avenue, Baton Rouge, Louisiana[.] The owner is Picardy Tres[.] The contractor is Maginnis Construction Company[.]

. . .

3. Crawford Electric Supply Company, Inc., by this Statement, preserves, perfects and secures any right, privilege or claim granted Crawford Electric Supply by legislation or custom in the principal amount of $70,704.61 plus interest, which is continuing to accrue, and the $750.00 cost of preparing and filing this Statement.

In their motion for summary judgment, Defendants cited only one deficiency with Crawford's Statement of Claim[4]: that it did not "reasonably itemize the elements comprising" its privilege because it merely described the movables sold to Alpha as "electrical supplies." According to Defendants, without itemizing the elements of the movables comprising the lien, Crawford cannot prove what, if any, "electrical supplies" were delivered to and purportedly installed by Alpha for the Project. Additionally, Defendants asserted that absent attached invoices or a supporting description in the lien, it is impossible for the owner or contractor, who are not in privity with Crawford, to trace the materials that allegedly were furnished to Alpha for the Project. As such, Defendants maintained Crawford's Statement of Claim did not adequately preserve Crawford's claim against them and the claim is now extinguished.

In support of their argument, Defendants rely on **Tee It Up Golf, Inc. v. Bayou State Construction, L.L.C.**, 2009-855 (La. App. 3 Cir. 2/10/10), 30 So.3d 1159, which concerned two liens filed by the general contractor ("Bayou State") for two PWA projects in Rapides Parish. **Tee It Up Golf**, 30 So.3d at 1160. The owner of the projects ("Nobles") filed a petition for writ of mandamus to have the liens cancelled for Bayou State's failure to perfect its claims. **Tee It Up Golf**, 30 So.3d

_____

[4] A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time. La. C.C.P. art. 966(F).

7

at 1160. After a trial on Nobles' petition for writ of mandamus, the district court ruled in favor of Nobles and ordered cancellation of the liens. **Tee It Up Golf**, 30 So.3d at 1160. On appeal, the Third Circuit affirmed, finding the liens were not perfected because, among other deficiencies, Bayou State's Statements of Claim included only a lump sum under the category "Materials Supplied" and made no attempt to itemize the elements comprising the amount, "as required by statute." See **Tee It Up Golf**, 30 So.3d at 1161-62. Similarly, in **Bradley Electrical Services, Inc. v. 2601, L.L.C.**, 2011-0627 (La. App. 4 Cir. 12/14/11), 82 So.3d 1242, which Defendants also cited, the PWA lien at issue stated only that there was an unpaid balance in the amount of $195,280.14 "for services rendered[,]" without "even a general description of the nature of the debt." **Bradley Elec. Servs.**, 82 So.3d at 1244. Comparing the case to **Tee It Up Golf**, the Fourth Circuit affirmed summary judgment in favor of the defendant, finding the PWA lien invalid because it included only a lump sum statement of the amount owed, did not "itemize [the materials supplied]," and did not include "even a general description of the nature of the debt." Therefore, the court found the lien was not perfected as required by the PWA and the claim was extinguished. **Bradley Elec. Servs.**, 82 So.3d at 1244.

**Simms Hardin Co., LLC v. 2901 Ridgelake Drive, L.L.C.**, 2012-469 (La. App. 5 Cir. 5/16/13), 119 So.3d 58, involves a more descriptive Statement of Claim. In **Simms Hardin Co.**, the defendant appealed several summary judgments rendered in favor of several subcontractors ("the plaintiffs") on their joint petition to enforce contractors' liens under the PWA. **Simms Hardin Co.**, 119 So.3d at 60. On appeal, the defendant argued the lien affidavits filed by the plaintiffs were invalid because they did not distinguish between or itemize the nature and extent of the materials and labor furnished and did not particularly identify the individual properties to which they attached. **Simms Hardin Co.**, 119 So.3d at 60. The property descriptions in the lien affidavits summarized the basis of the claims as follows:

- Sharp Electric's lien affidavit claims the amount of $91,492.60 for "electrical and lighting work."

- Commercial Paint's lien affidavit asserts a claim for the amount of $58,563.10 for "wall preparation and general painting work."

- Simms Hardin's lien affidavit claims the amount of $106,248.00 for "framing, insulation, and drywall installation."

- Gallo's lien affidavit claims the amount of $78,382.20 for "plumbing installation work."

- Crasto Glass's lien affidavit claims the amount of $45,346.80 for "aluminum framing and glass and glazing installation work."

- Year Round's Statement of Lien claim claims the amount of $119,028.70 for "air conditioning and ventilation work."

**Simms Hardin Co.**, 119 So.3d at 68. The Fifth Circuit found these descriptions of the work, unlike the descriptions in **Tee It Up Golf**, were "individualized as to each subcontractor and sufficiently describe[d] the work performed by each." **Simms Hardin Co.**, 119 So.3d at 68. As such, the Fifth Circuit found the lien affidavits contained a sufficient description of the work performed that gave rise to the claim. **Simms Hardin Co.**, 119 So.3d at 68.

The lien at issue in **Hibernia Nat. Bank v. Belleville Historic Development, L.L.C.**, 2001-0657 (La. App. 4 Cir. 3/27/02), 815 So.2d 301, writ denied, 2002-1177 (La. 6/14/02), 818 So.2d 785, included an even less descriptive account of the nature of the obligation giving rise to the liens that were at issue in **Simms Hardin Co.** The general contractor in **Hibernia** filed a statement of claim stating it is a corporation "engaged in the business of general contracting and commercial and industrial work" that "entered into a contract with [the defendant] . . . to furnish labor material to construct twenty-one . . . condominium units[.] . . . Said work was performed as per the aforementioned contract." **Hibernia**, 815 So.2d at 304-05. The Fourth Circuit found this language to be sufficient for the general contractor to preserve its claim against the owner of the project. **Hibernia**, 815 So.2d at 305.

Defendants attempt to distinguish Crawford's Statement of Claim from those in **Simms Hardin Co.** and **Hibernia** by pointing out that the claimants in those two cases were subcontractors and a general contractor, respectively. Defendants maintain that "[w]hat may be a reasonable itemization for a subcontractor is not necessarily the same for a supplier, especially a supplier to a subcontractor." However, La. R.S. 9:4822(H)(4) requires only that the claimant "set forth the amount and nature of the obligation giving rise to the claim or privilege and reasonably itemize the elements comprising it including the person for whom or to whom the contract was performed, material supplied, or services rendered." As previously noted, technical defects in the Statement of Claim should not defeat the claim or privilege as long as the notice is adequate to serve the purposes intended. See La. R.S. 9:4822, Comment (1). The purpose of a statement of claim is to provide notice to the owner and the contractor of the existence of the claim and to give notice to persons who may deal with the owner that a privilege is claimed on the property. See **Accusess Environmental**, 185 So.3d at 77.

Considering this stated purpose, we find Crawford's Statement of Claim contains a reasonable itemization of the elements comprising the nature of the obligation giving rise to the claim or privilege. The use of "electrical supplies" in Crawford's Statement of Claim is most similar to the subcontractors' descriptions of the work performed in **Simms Hardin Co.**, as it provides a general description of the nature of the debt. This description achieves the purpose of the Statement of Claim, which is to give notice to the owner (Picardy Tres), contractor (Maginnis), and any third parties that a privilege is claimed on the property, and it also satisfies the general purpose of the PWA, which is to protect materialmen such as Crawford who engage in construction or repair projects. Accordingly, on our *de novo* review, we find the district court erred in granting summary judgment.

## DECREE

For the aforementioned reasons, the district court's March 19, 2024 judgment granting the motion for summary judgment filed by Defendants, Maginnis Construction Company, L.L.C. and The Gray Casualty & Surety Company, and dismissing all claims asserted by Plaintiff, Crawford Electric Supply Company, Inc., is hereby reversed. All costs of this appeal are assessed to Maginnis Construction Company, L.L.C. and The Gray Casualty & Surety Company.

**JUDGMENT REVERSED.**